Memorandum. A board of education has an unfettered right to terminate the employment of a teacher during his probationary period, unless the teacher establishes that the board terminated for a constitutionally impermissible purpose or in violation of statutory proscription. We find nothing in this record to support any contention that the refusal here to renew appellant’s contract was for a constitutionally impermissible purpose and no assertion is made that this board transgressed any statutory proscription. Plaintiff cannot, by the device of an allegation that the sole reason for the termination of his employment by these public officials acting within the ambit of their authority was to harm him without justification (a contention which could be advanced with respect to almost any such termination), bootstrap himself around a motion addressed to the pleadings. Nor is there any substance to appellant’s concocted notion that this case involves an infringement of his constitutional right to freedom of speech or expression. Indeed there is no expression here at all unless one were to go to the extreme formulation that *893 every nonverbal act, or here failure to act, to some extent may be said to be expressive.
Accordingly respondents’ motion to dismiss the amended complaint was properly granted and the order of the Appellate Division should be affirmed.