In the Matter of DOROTHEA CONTE, Respondent, v BOARD OF EDUCATION OF THE TOWN OF HINSDALE, CATTARAUGUS COUNTY, Appellant.

Fourth Department, July 12, 1977

*Shane & Franz (J. Michael Shane* of counsel), for appellant.

*Joseph C. Dwyer, P.C.,* for respondent.

CARDAMONE, J. Respondent, Board of Education of the Town of Hinsdale, Cattaraugus County, appeals from a judgment of Supreme Court which declared the board's decision denying tenure as a teacher to Dorothea Conte at the Hinsdale Central School District illegal, invalid and void as being in contravention of article VIII, clause A of the agreement between the board and the Hinsdale Teachers' Association.

Petitioner was employed as a probationary teacher in respondent's school district for a period covering the school years 1972-1973, 1973-1974, 1974-1975. During each of these years petitioner was evaluated by school administrators. Pursuant to these evaluations Carl Saglimben, the building principal, and Earl Smith, school district superintendent, recommended to the Board of Education that petitioner be granted tenure in the Hinsdale School District. However, at a duly constituted meeting of the Board of Education held on March 20, 1976 the board rejected the recommendations of the building principal and the superintendent of schools and voted 3 to 1 to deny tenure to petitioner.

Petitioner, Dorothea Conte, thereafter commenced the instant action pursuant to CPLR article 78 to annul the determination of the respondent board which terminated her probationary appointment at the conclusion of her third probationary year in the respondent's school district. Petitioner asserts the above basic facts and further alleges in her petition that on September 1, 1974 the Hinsdale Central School District No. 1 by resolution adopted by the board signed and executed an agreement with the Hinsdale Teachers' Association. Article VII, clause A of that contract provides: "Observa-

tion of a teacher's work will be conducted openly with his full knowledge. For probationary teachers, at least one classroom observation will be a full class period in duration. *The Board will use as the primary basis for judgment on decisions of continuing employment for non-tenured teachers the recommendation of the Administration which shall be based on classroom observation* (emphasis added)."

Petitioner contends that these observations took place and that she received a cumulative rating of "Good" on the evaluation. Further, that she received a strong recommendation to be granted tenure. She alleges that the termination of her employment by the board is illegal and improper in that the board failed to give proper consideration to the evaluations and observations presented to it pursuant to the contract and that petitioner's record does not justify the decision rendered. Petitioner further contends that she was denied tenure because of certain expressions, opinions and comments contained in a school play, in part satirizing the school board, which she directed as part of the school's audio-visual curriculum. She claims that the decision of the board to deny her tenure on this basis is constitutionally impermissible. Petitioner sought that the determination of the board denying her tenure be declared invalid.

Special Term held that "under the facts of this particular case, it is found that the Board bargained away its rights to be arbitrary by its agreement with the Hinsdale Teachers' Association as set forth in the last sentence of the above cited contract provision". Since petitioner made a showing that the board did not use the recommendations of the administration based on classroom observation as the primary basis for its tenure decision petitioner is entitled to the relief requested.

On this appeal the board contends that it is not bound to grant tenure simply because it received a positive recommendation for tenure from the Superintendent of Schools. It further claims that when the recommendation of the administration to the board is positive, the board is not required to notify the petitioner of its intention to deny tenure. It argues that article VII of the contract is void as against public policy and that even if such provision of the contract is valid, the board properly terminated petitioner. Further, appellant board contends that there is no violation of petitioner's constitutional rights of free speech in connection with the denial of tenure.

The Education Law vests authority to make tenure decisions in the school board and it is well established in New York that under the provisions of that law a nontenured teacher may be denied tenure without being granted a hearing or even provided a reason therefor (Education Law, §§ 2509, 2573, 3012, 3013, 6202; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774; *Matter of Bergstein v Board of Educ.,* 34 NY2d 318; *Matter of Sikora v Board of Educ.,* 51 AD2d 135). The board has an unfettered right to terminate the employment of a teacher during his probationary period, unless the teacher establishes that the board terminated for a constitutionally impermissible purpose or in violation of statutory proscription *(Matter of Cohoes City School Dist., supra; James v Board of Educ.,* 37 NY2d 891). Prior to the amendment of section 3031 of the Education Law (effective July 6, 1976) when the Superintendent of Schools recommended a probationary teacher for tenure, the teacher was not entitled to a written notice of intention to deny tenure *(Matter of Sikora v Board of Educ., supra).* The amendment to 3031 requires that a teacher for whom there is a recommendation to grant tenure which is rejected by the board, is entitled to a written statement of the board's reasons (Education Law § 3031, subd [b]). Since the board acted prior to the effective date of this amendment, however, it does not benefit petitioner and she was not entitled to any notice of the recommendations concerning her fitness.

Petitioner alleges, however, that the board arbitrarily and capriciously disregarded its own self-imposed contractual standard in "evaluating" petitioner, and then denying her tenure. The board alleges that the contract provision (art VII, cl A) requiring it to use the recommendations of the administration as the primary basis for decisions on continuing employment for nontenured teachers is void as against public policy. Generally, absent plain and clear prohibitions in statute or decisional law, a public employer possesses the broad powers needed to negotiate with employees as to all terms and conditions of employment *(Syracuse Teachers Assn. v Board of Educ.,* 35 NY2d 743; *Matter of West Irondequoit Teachers Assn. v Helsby,* 35 NY2d 46). Additionally, "Public policy, whether derived from, and whether explicit or implicit in statute or decisional law, or in neither, may also restrict the freedom" to contract *(Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.],*

37 NY2d 614, 616-617; see *Board of Educ. v Areman,* 41 NY2d 527).

The Court of Appeals held unenforceable a contract provision which purported to prohibit termination of nontenured teachers at the end of their probationary period without "just cause". The court, relying on public policy implicit in sections 2509, 2573, 3012, 3013, 6202 of the Education Law which vested the Board of Education with the sole authority to make tenure decisions, declared that such responsibility cannot be delegated or abnegated and found that it is "beyond the power of the board to surrender this responsibility as part of any agreement reached in consequence of collective bargaining" *(Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, 777-778, *supra).*

Appellant relies on *Cohoes* arguing that the Education Law requires the board to make tenure decisions and, similarly, as the "just cause" provision was held violative of public policy so must the "primary basis clause" of article VII(a) of the contract be held unenforceable. We agree. Petitioner is attacking the untrammeled right of the board to deny her tenure. We conclude that the contractual cause in question is a substantive limitation on the board's power to grant or deny tenure and is, therefore, void as against public policy *(James v Board of Educ.,* 37 NY2d 891; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn., supra,* p 777). The provision does not constitute merely a procedural step preliminary to the board's final action to grant or deny tenure. Further, we note that this is not an arbitration case (see *Board of Educ. v Bellmore-Merrick United Secondary Teachers,* 39 NY2d 167; cf. the contractual provision dealt with in *Bradford Teachers Assn. v Board of Educ.,* decided herewith, 58 AD2d 1033). Rather, the instant clause requires the board to give primary weight to the recommendation of the administration in its final decision as to whether to grant or deny tenure, and thus forces the board, in some measure, to "surrender its authority to terminate the employment of a nontenured teacher at the end of the probationary period" *(Matter of Cohoes City School Dist. v Teachers Assn., supra,* p 777). Consequently, the clasue is unenforceable.

The judgment should be reversed and the petition should be dismissed.

MOULE, J. P., HANCOCK, DENMAN and WITMER, JJ., concur.

Judgment unanimously reversed, without costs, and petition dismissed.