In the Matter of BERNARD APTEKAR, Appellant, v BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Respondent.

First Department, March 13, 1979

## APPEARANCES OF COUNSEL

*Laura J. Blank* of counsel *(Mary P. Bass* with her on the brief; *Allen G. Schwartz, Corporation Counsel),* for respondent.

*Benjamin M. Zelman* of counsel *(Zelman & Zelman, P. C.,* attorneys)*, for appellant.

**OPINION OF THE COURT**

SILVERMAN, J.

In this CPLR article 78 proceeding, petitioner seeks reinstatement as an assistant professor in a department of music and art of a college of the City University of New York, with tenure, back pay, etc. His petition has been dismissed. We think the matter requires further exploration for the reasons which follow.

Petitioner has had a long history of dispute with various colleges of the university and the university as to his right for appointment. Uniformly, every one of these disputes insofar as it has been processed has sustained petitioner's position that he has been treated unjustly. And yet the judgment appealed from dismisses his petition with only the sincere, but no very reassuring, hope that petitioner will be appointed before long to a position in which he will feel comfortable.

From September 1, 1971, petitioner served as an adjunct associate professor at Medgar Evers College, part of the City University. He complained of the failure to appoint him to a position as full-time assistant professor in 1972, and an arbitrator agreed that there had been arbitrary and discriminatory procedures with respect to petitioner. He filed a complaint with the State Divison of Human Rights claiming that he had been discriminated against because he was not black; the division after investigation found probable cause and referred the matter for a hearing. The parties then agreed to a settlement of the dispute under which petitioner was to be appointed as an assistant professor at Borough of Manhattan Community College (BMCC) for the academic years 1973-1974 and 1974-1975. Petitioner was so appointed.

Thereafter the budget line which had been transferred from Medgar Evers College to BMCC was apparently taken away from BMCC; and petitioner was therefore not appointed for the academic year 1975-1976. The Professional Staff Congress (PSC), petitioner's union, filed a grievance on his behalf pursuant to the collective bargaining agreement. While Step One of the grievance procedure resulted unfavorably to petitioner, petitioner was sustained in Step Two by the Chancellor's designee who said the failure to appoint petitioner "because of financial inability resulting from the withdrawal of a specific

budget line is arbitrary. It is incumbent upon the President to make academic judgments in allocating existing budget lines within the department, and to determine, if necessary, which individual will be non-reappointed. This matter is therefore remanded to the President for his academic judgment." Apparently the president of BMCC did nothing thereafter, neither determining that petitioner should be appointed nor that he should not be.

Before that decision of the Step Two grievance, PSC, in accordance with the collective bargaining agreement, had demanded arbitration.

A year after the decision of the Step Two grievance, a settlement agreement dated December 7-8, 1976 was entered into between the parties under which petitioner agreed that no further grievances, administrative proceedings or court actions would be instituted on his behalf relating to employment or nonemployment to the date of the settlement agreement and that the dispute should be submitted to a select faculty committee, parallel to that found at section 20.5 (c) of the collective bargaining agreement (a step normally done after grievant succeeds on arbitration), and that the committee should render an academic judgment that should be transmitted promptly to the Board of Higher Education. We note that a Step Two grievance settlement is as binding as a Step Three arbitration award. (*Matter of Antonopoulou v Beame,* 32 NY2d 126, 130, n.) Such a select faculty committee reviewed the matter and unanimously determined that petitioner should be appointed as an assistant professor but not at BMCC and that the department of the units of the university receiving petitioner should be consulted and that all by-law procedures involving appointments be strictly adhered to.

That decision was on June 21, 1977. Petitioner has not been appointed in the intervening year and a half.

We accept respondent's contention that the grant of tenure is a nondelegable function of the board of higher education and that arbitrators cannot grant tenure, and that thus an arbitrator's award or a select faculty committee's determination insofar as relates to tenure can only be a recommendation. (Cf. *Matter of Polishook [Board of Higher Educ.],* 62 AD2d 1184; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774.)

In the *Cohoes* case, both the school district and the union appeared to agree that under general principles employment

of the teacher involved beyond the probationary period would automatically ripen into tenure. Nevertheless, the Court of Appeals affirmed the determination of the Appellate Division remanding the proceeding with the direction for the reinstatement of the petitioner as a teacher for a period of one year but without tenure. What the Court of Appeals said (supra, p 778) as a major reason for its decision applies equally here. "We have held, however, that the bargained-for right to supplemental procedural steps preliminary to the board's final action to grant or to withhold tenure is not to be rendered a nullity because of the board's right to deny tenure without explanation".

Neither do we think that petitioner's right to procedural protections, including grievance procedure, should be rendered a nullity because of the board's right to deny tenure without explanation, a right incidentally which the board does not purport to be exercising here.

The university has not rejected the recommendation of the select faculty committee. There is no contention that petitioner is not doing his job well or that he should not be appointed. The university says that it is still trying to find a unit of the university which will accept petitioner.

It is not clear that in a year and a half energetic efforts to implement the select faculty committee's decision would not have resulted in an appointment somewhere in the huge City University.

As respondent does not reject the recommendation of the select faculty committee it is bound in good faith to attempt to implement it. We think the record of these long delays, including the more than the year and a half since the select faculty committee's determination, requires that the court explore whether in fact the respondent has attempted in good faith to implement the select faculty committee's determination.

We do not think that petitioner is barred by the doctrine of "ownership of the grievance," whereby, as respondent contends, under the collective bargaining agreement, only the person who filed the Step Two grievance, here the PSC, can prosecute beyond that stage. To begin with, the argument apparently rests on language in the collective bargaining agreement with respect to Step Three, specifying who may appeal from a Step Two determination. But this case never got to Step Three. The settlement agreement here is expressly

stated to be in settlement of Step Two. Furthermore, petitioner was a party to the settlement agreement under which he now claims and under which the select faculty committee acted and we think he has a right to enforce it like any other party to a contract.

The judgment of the Supreme Court, New York County (HELMAN, J.), entered September 15, 1978, denying the application and dismissing the CPLR article 78 proceeding should be reversed, on the law, and the matter should be remanded for a hearing before the court on the issue of the good faith of the respondent in the effort to implement the decision of the select faculty committee and for further proceedings not inconsistent with this opinion, without costs on appeal.

FEIN, J. P., SULLIVAN, LANE and MARKEWICH, JJ., concur.

Judgment, Supreme Court, New York County, entered on September 15, 1978, unanimously reversed, on the law, vacated, and the matter remanded for a hearing before the court on the issue of the good faith of the respondent in the effort to implement the decision of the select faculty committee and for further proceedings not inconsistent with the opinion of this court, without costs and without disbursements.