In the Matter of LUIS RODRIGUEZ-ABAD et al., Respondents, v ROBERT J. KIBEE et al., Appellants. In the Matter of IRWIN BLATT et al Respondents, v ROBERT J. KIBEE, et al., Appellants.—Judgments (two papers), Supreme Court, New York County, entered March 10 and March 29, 1978, which, *inter alia,* denied respondents' motions to dismiss, annulled the determinations of the Chancellor, and directed that petitioner Rodriguez-Abad be reappointed, and that petitioner Blatt be promoted, unanimously modified, on the law, to the extent of vacating the direction to reappoint Rodriguez-Abad and to promote Blatt, and remanding the recommendations of the select faculty committee to the Board of Higher Education for consideration, and otherwise affirmed, without costs or disbursements. The consolidated appeals from two separate judgments involve slightly differing facts with common legal issues dispositive of both appeals. Professor Luis Rodriguez-Abad (Abad) was informed that he would not be reappointed as an Assistant Professor at Hunter College. Abad filed a grievance. The arbitrator sustained the grievance and sent the matter to the select faculty committee. That committee recommended that Abad be reappointed with a certificate of continuous employment. Irwin Blatt (Blatt) was a counselor at Staten Island Community College with the rank of Assistant Professor. He was denied promotion. Blatt, too, filed a grievance. The arbitrator sustained

the grievance. The select faculty committee recommended Blatt's promotion. The Board of Higher Education of the City of New York is mandated by statute to take final action regarding appointments, and delegated this authority to the Chancellor. In both cases the Chancellor declined to follow the recommendations of the select committee. Both Abad and Blatt instituted CPLR article 78 proceedings resulting, *inter alia,* in annulling the Chancellor's determinations and in a directive to reappoint Abad and to promote Blatt. We would modify the judgments of Special Term. A brief description of the collective bargaining agreement would be helpful at this point. A collective bargaining agreement was made between the Professional Staff Congress/CUNY (PSC) and the Board of Higher Education (BHE). The agreement contained an arbitration clause which excluded from the arbitrator's review decisions involving academic judgment. This includes issues of promotion, reappointment, or tenure of the teaching staff *(Legislative Conference of City Univ. of N. Y. v Board of Higher Educ. of City of N. Y.,* 38 AD2d 478, affd 31 NY2d 926). The PSC agreement presently at issue provides that issues of academic judgment may be ruled upon by the arbitrator only to the extent of finding that a decision was procedurally defective. The matter must then be sent to a select faculty committee which in turn would make recommendations to the BHE. The select committee's recommendations are not binding on the BHE, which has the nondelegable duty to decide on appointments, promotions, and tenure *(Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, 777; *Matter of Aptekar v Board of Higher Educ. of City of N. Y.,* 66 AD2d 630, 632). In the case at bar, there was an impermissible delegation of duties. The select committee's findings were not transmitted to the BHE for final determination but, rather, that power was improperly delegated to the Chancellor. We find such a delegation impermissible and void as against public policy (cf. *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, *supra).* In short, Special Term properly annulled the determination of the Chancellor; however, the matter should have been remanded for review by the Board of Higher Education. Concur—Kupferman, J. P., Birns, Fein, Sandler and Lane, JJ.