2 New York City Board of Education, Community School District No. 1 et al., Petitioners, v Roberto Batista et al., Respondents. New York City Board of Education, Community School District No. 1 et al., Petitioners, v Theodore Fletcher et al., Respondents.—The orders of the State Human Rights Appeal Board (Board) dated September 4, 1979, which affirmed the orders of the State Division of Human Rights (Division) dated May 21, 1979, finding petitioners, New York City Board of Education et al., had discriminated against the individual respondents and ordering compensatory damages and injunctive relief, are both annulled and vacated, on the law, without costs and without disbursements. The decisions of the Board and the Division are not supported by sufficient evidence on the record considered as a whole. (Matter of State Div. of Human Rights v Bystricky, 30 NY2d 322, 326.) The respondents were both appointed in 1973, as school principal and coprincipal, in violation of Special Circular No. 30 (SC-30). SC-30 is a directive promulgated by the New York City Board of Education governing the appointment of principals by a community school board. SC-30 requires 30 days of advertisement before a supervisory position can be filled. It is undisputed that SC-30 was not complied with. Therefore, the appointments were invalid from the beginning. The following year, a newly elected community school board declared the appointments invalid and proceeded to readvertise them pursuant to SC-30. The grievances filed by the respondents upon their reassignment by the superintendent were taken through the entire appeals procedure established by the board of education and the action of the newly elected community school board was validated at each level of appeal. The determination that the respondents were discriminated against by removing them from their principalships lacks the rational basis necessary for this court to confirm the Division and the Board. (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176.) The respondents were reassigned in 1974 for the legitimate reason of failure of compliance with SC-30. As a result of this noncompliance, the respondents were deemed interim acting principals, and as such they had no vested property right in their position (unlike acting principals). (Board of

*Regents v Roth,* 408 US 564.) To be without such legitimate claim of entitlement is to have no property right within the meaning of the Fourteenth Amendment due process clause. Respondents could thus be reassigned or terminated, without being afforded procedural due process, but not for a constitutionally impermissible reason. *(James v Board of Educ.,* 37 NY2d 891.) Therefore, respondents must not be discriminated against by reason of their race, color or ethnic origin. The claim is that such was the basis for their reassignment. The record must show this, based on substantial evidence. That burden has not been met. The record does show, however, that pursuant to the selection procedures implemented by the community school board, the parents, primarily members of minority groups, on the selection panels at the respective schools at which both respondents had been interim acting principals, did not select either of the respondents for the current openings of their respective principalships when they were again advertised in 1975. After the recommendations of the parents' selection panel had been made, but before this selection was to be made by the community school board in April, 1976, the chancellor of the board of education ruled that the advertising of the central school board of education for these positions was improper for a technical reason. Upon readvertisement for these positions in May and June of 1976, Mr. Batista did not even reapply for either principalship as required for renewed consideration. He was therefore not considered and can not claim discrimination in connection therewith. Appropriate administrative bodies having determined the assignments of respondents to have been invalid from their inception, and the invalidity to have been unremedied by the subsequent efforts so to do, it was therefore legal and proper for the community school board to arrange the assignments in accordance with the needs of the district. Concur—Murphy, P. J., Kupferman, Birns, Sandler and Carro, JJ.