OPINION OF THE COURT
 

 Per Curiam.
 

 At issue is whether a probationary teacher, denied tenure for alleged professional incompetence in the performance of his nonclassroom duties, has a right to arbitrate alleged breaches of contract evaluation procedures specifically referable to classroom performance. The Appellate Division has stayed the arbitration noting that "the demand for arbitration avoids dealing with the fact that irrespective of respondent [teacher’s] classroom performance — he may have been an outstanding teacher — the school board denied tenure for unrelated, nonarbitrable reasons.”
 

 There is no question, and both courts below agree, that the demand states a basis for arbitration. Although the decision whether or not to grant tenure is not within the permissible area of negotiation in the public employee sector, the performance of a probationary teacher preliminary to a tenure determination is
 
 (Matter of Candor Cent. School Dist. [Candor Teachers Assn.], 42
 
 NY2d 266;
 
 Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,
 
 40 NY2d 774).
 

 In addition, the two-tier analysis established in
 
 Matter of
 
 
 *429
 

 Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.)
 
 (42 NY2d 509) would indicate that the reference to arbitration is authorized under the Taylor Law (Civil Service Law, art 14) and that the subject matter of the dispute is encompassed by the broad arbitration clause contained in the agreement.
 

 Nevertheless the school board urges that the arbitration be stayed because the results of that proceeding would be violative of public policy. It fears, as does the Appellate Division, that the remedy fashioned by an arbitrator for a violation of the evaluation procedures would prevent the school board from exercising its authority to deny tenure. This is not a valid reason to stay the arbitration.
 

 Even though the board has the right to deny tenure to a probationary teacher without an explanation, the bargained for right to procedural steps preliminary to the tenure determination cannot be considered a nullity
 
 (Matter of Cohoes City School Dist. v Cohoes Teachers Assn., supra,
 
 p 778; see, also,
 
 Matter of South Colonie Cent. School Dist. v Longo,
 
 43 NY2d 136;
 
 Board of Educ. v Bellmore-Merrick United Secondary Teachers,
 
 39 NY2d 167). The courts should not, by staying arbitration, “foreclose any remedy for alleged violations of procedural guarantees as well as substantive rights said to be afforded under the contract”
 
 (Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,
 
 45 NY2d 411, 415).
 

 The school board is bound by the agreement it negotiated and signed — an agreement which requires certain teacher evaluation procedures. Its failure to perform as required is appropriately claimed as a grievance under the terms of the contract and may be submitted to arbitration. The procedural aspect of the contract is discrete from the denial of tenure and should be so treated.
 

 The judgment of the Appellate Division should be reversed, with costs, and the order of Special Term reinstated.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in
 
 Per Curiam
 
 opinion.
 

 Order reversed, with costs, and the judgment of Supreme Court, Suffolk County, reinstated.