PROFESSIONAL STAFF CONGRESS/CUNY, Luis Rodriguez-Abad, Irwin Blatt, Rosalind Barnes, Robert Slotnick and Samuel Margulies, Plaintiffs,

v.

The CITY UNIVERSITY OF NEW YORK and Harold M. Jacobs, Paul P. Baard, Herman Badillo, Blanche Bernstein, Ann M. Burton, James A. Cavanagh, Loretta A. Conway, Walter H. Crowley, Armand D'Angelo, Edith B. Everett, Gurston D. Goldin, Judah Gribetz, Albert V. Maniscalco, Joan B. Maynard, James P. Murphy, Emanuel R. Piore, Robert Z. Robinson, Leonard J. Shine, Margaret A. Titone, Stuart Scheftel and Patricia Carry Stewart, individually and as present and/or former Trustees of the City University of New York, Defendants.

80 Civ. 4194.

United States District Court, S. D. New York.

Feb. 2, 1981.

Vladeck, Elias, Vladeck & Engelhard, P. C., New York City, for plaintiffs; Irwin Bluestein, New York City, of counsel.

Robert Abrams, Atty. Gen. of the State of New York, New York City, for defendants; Stephen M. Jacoby, Asst. Atty. Gen., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Five former or current nontenured members of the instructional staffs at various Colleges of the City University of New York ("CUNY") and their certified bargaining agent, Professional Staff Congress/CUNY ("PSC"), commenced this action under 28 U.S.C. § 1343 to obtain injunctive relief, damages, costs and attorney's fees for alleged violations of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §§ 1983 and 1985. CUNY is a public institution of higher education in New York City established under New York State law.[1] Plaintiffs allege that CUNY and former and current members of what was its Board of Higher Education and now is its Board of Trustees (the "Board") acted under color of state law in violation of their constitutional and contractual rights to deny them either reappointment or promotion with tenure.[2] Defendants move to dismiss the action pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the purposes of this motion, the allegations of the complaint are accepted as true.[3] During the relevant years (from 1972 through 1977), the collective bargaining agreements in effect between PSC and CUNY contained a grievance procedure for complaints arising under the agreements with final determination to be made by designated arbitrators. The powers of the arbitrators were limited with respect to matters of academic judgment, such as is involved in appointments, reappointments, tenure and promotion; specifically, the agreements provided that an arbitrator was not permitted to review the merits of academic judgment or substitute his own judgment therefor. However, he was empowered to decide whether the evaluative procedures with respect to these matters as provided for in the agreements had been complied with. If he found there was noncompliance and a likelihood that a fair judgment would not be made on remand if normal academic procedures were followed, he was to remand the matter to a select faculty committee composed of three tenured CUNY professors, one each to be designated by the President of the grievant's College and by PSC, with those two choosing the third from a panel of professors designated jointly by the Chancellor of CUNY and the President of PSC.

Each of the individual plaintiffs was denied reappointment or promotion as a result of the evaluation process at his or her College.[4] The grievance procedure was invoked and eventually each dispute was submitted to an arbitrator who, for various reasons, found inadequacies in the proce-

---

1. N.Y. Educ. Law §§ 6201–6232 (McKinney Supp. 1980). CUNY consists of two-year and four-year colleges, a graduate school, a central university-wide administration, and a Board which oversees its educational work, appoints its Chancellor and College Presidents, establishes its teaching positions, and grants appointments to those positions. *Id.*

2. Luis Rodriguez-Abad, an assistant professor at Hunter College, was denied reappointment for the academic year 1974–75. Irwin Blatt, a counselor with the rank of assistant professor at the College of Staten Island, was denied a promotion he sought to the rank of associate professor. Rosalind Barnes, an instructor at Kingsborough Community College, was denied reappointment for the academic year 1974–75. Robert Slotnick, an assistant professor at Richmond College, was denied reappointment for the academic year 1975–76, which would have

conferred tenure. Samuel Margulies, an assistant professor at Brooklyn College, was denied reappointment for the academic year 1976–77.

3. *Gardner v. Toilet Goods Ass'n,* 387 U.S. 167, 172, 87 S.Ct. 1526, 1529, 18 L.Ed.2d 704 (1967); *Turpin v. Mailet,* 579 F.2d 152, 167 (2d Cir. 1978), *cert. denied,* 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662 (1979); *Escalera v. New York City Housing Auth.,* 425 F.2d 853, 857 (2d Cir. 1970). While plaintiffs in opposition to defendants' motion have submitted affidavits to support the factual allegations of the complaint, the Court has not considered these, but makes its determination solely upon the allegations of the complaint which, as noted, are accepted for the purposes of this motion.

4. *See* note 2 *supra.*

dures leading to the adverse actions[5] and, after the requisite finding of a likelihood that a fair academic judgment would not be made on remand if normal academic procedures were followed, remanded the matter to a select faculty committee. In each case at least a majority of the select faculty committee recommended some action favorable to the grievant, though not always the precise remedy the grievant had sought.[6] In each instance, the Chancellor of CUNY,[7] Robert J. Kibbee, notified the grievant that he had decided not to recommend the grievant's reappointment or promotion to the Board. The Chancellor stated no reason for his decisions.

Thereafter plaintiffs Luis Rodriguez-Abad and Irwin Blatt joined by Irwin Polishook, President of PSC, brought an action against the Chancellor and the Board under Article 78 of the New York Civil Practice Law seeking implementation of the select faculty committees' decisions as to them. The actions were consolidated before Justice Tierney of the Supreme Court of the State of New York who ruled that, under the arbitration agreement, the Board had agreed to delegate its "academic judgment" to the select committee in those instances where upon a remand the arbitrator found that normal procedures would not result in a fair decision; that the decisions of the select faculty committees were final and binding on the union, the employees and the Board; and, accordingly, that the action of the Chancellor in overturning the select faculty committees' determinations was unfair, arbitrary and capricious.[8]

On appeal the Appellate Division modified the lower court's ruling. The court held that because the Board has the nondelegable duty to decide matters of appointment, promotion and tenure, the select faculty committees' decisions could not bind the Board. The court further found that the public policy requiring the Board to make such determinations was so firmly entrenched that the delegation of this power even to its own chief administrative officer was improper, impermissible and void as against public policy. Thus the Appellate Division ruled that while the Special Term properly had annulled the Chancellor's determinations, the matter should have been remanded for review by the Board itself.[9]

Following the Appellate Division remand, the Board considered the select faculty committees' decisions regarding Rodriguez-Abad and Blatt, as well as those of plaintiffs Rosalind Barnes, Robert Slotnick and Samuel Margulies. Initially, the Board's Academic Affairs Committee held a meeting attended by all plaintiffs. PSC's Director of Legal Affairs made presentations on behalf of four of the five individual plaintiffs and Rodriguez-Abad and Margulies spoke on their own behalf. Following this meeting, the President of PSC addressed the full Board urging implementation of the select faculty committees' decisions. At a subsequent meeting, the Board

---

5. In the Rodriguez-Abad, Barnes and Slotnick cases, the arbitrators found various departmental violations of contractually provided observation and evaluation procedures. In the Blatt case, an arbitrator found that granting unrelated academic departments control over the promotional progress of counselors was inappropriate. In the Margulies case, an arbitrator found that an agreed upon external evaluation had not been conducted.

6. The committees voted that Barnes, Slotnick and Margulies be granted the relief requested. Rodriguez-Abad was reappointed, but only to the position of lecturer, though with no reduction in salary. Blatt was directed to be promoted to the rank of associate professor before September 1, 1977.

7. The Chancellor is the chief educational and administrative officer of the University and its Colleges, and the chief administrative officer for the Board. Board Bylaws § 11.2. Under a resolution adopted by the Board on February 28, 1977, the select faculty committees' recommendations were submitted to the Chancellor for his recommendation to the Board.

8. *Rodriguez-Abad v. Kibbee*, Nos. 14428/77 & 14429/77 (Sup.Ct. N.Y. Co. Nov. 30, 1977).

9. *Rodriguez-Abad v. Kibbee*, 71 A.D.2d 588, 418 N.Y.S.2d 430, 431 (1st Dep't 1979); *cf. Cohoes City Sch. Dist. v. Cohoes Teachers Ass'n*, 40 N.Y.2d 774, 778, 390 N.Y.S.2d 53, 55, 358 N.E.2d 878, 880 (1976); *Conte v. Board of Educ.*, 58 A.D.2d 219, 397 N.Y.S.2d 471, 473 (4th Dep't 1977).

resolved not to approve the recommendations of the select faculty committees. No reasons were given for this resolution. Plaintiffs thereupon brought this action.[10]

The individual plaintiffs challenge the proceedings before the Board that resulted in denying their reappointments or promotions as violative of their right to due process of law. They recognize as nontenured teachers that under New York State Law the Board had the right to deny them tenure without giving reasons therefor [11] unless the action was for constitutionally impermissible reasons or in violation of statutory proscriptions.[12] They contend, however, that since the evaluative processes preliminary to tenure or promotion were found to have been violated and thus pursuant to the collective bargaining agreement, the select faculty committees were designated, plaintiffs are entitled to have the committees' favorable decisions implemented. In sum, they contend that they have acquired a protectible property interest in the favorable recommendations of the select faculty committees that entitles them to the guarantees of procedural due process and that the failure of the Board to give adequate explanations for not accepting the committees' decisions amounts to a denial of their right to due process of law.

■ Property interests are created by existing rules or understandings that stem from an independent source such as state law.[13] Such interests may flow from mutually explicit understandings or derive from the existence of policies and practices promulgated by state officials and recognized by state law.[14] Thus, plaintiffs argue they acquired a property right to the enforcement of the select faculty committees' recommendations by virtue of the collective bargaining agreement; that the agreement vested in them a specific benefit; and that having prevailed on the arbitration they had a right to reappointment or promotion based upon the decisions of the select faculty committees that they had the required academic qualifications, unless the Board, after a review consistent with due process, set forth good and sufficient reasons for not accepting these decisions. In short, they urge that even though upon remand they were heard by the Board's committee and the Board itself, the Board's failure to explicate the reasons for not accepting the select faculty committees' recommendations constituted a denial of due process.

■ Plaintiffs, however, overlook the separate and distinct nature of the evaluative process, which was a valid subject of arbitration, and the academic judgment of the Board, which was not.[15] That the collective bargaining agreement provided a procedure in the event of failure to adhere to the evaluative process preceding tenure or promotions, namely, that an arbitrator was empowered to refer the matter to a select faculty committee for its recommendation, did not give rise to a property right to enforce the recommendation of the com-

---

**10.** A proceeding under Article 78 of the New York Civil Practice Law and Rules commenced at the same time as this action to attack the same Board decisions has been stayed pending determination of this action.

**11.** *Board of Educ. v. Middle Island Teachers Ass'n*, 50 N.Y.2d 426, 429 N.Y.S.2d 564, 565, 407 N.E.2d 411, 412 (1980); *Cohoes City Sch. Dist. v. Cohoes Teachers Ass'n*, 40 N.Y.2d 774, 778, 390 N.Y.S.2d 53, 55, 358 N.E.2d 878, 880 (1976); *James v. Board of Educ.*, 37 N.Y.2d 891, 892, 378 N.Y.S.2d 371, 371, 340 N.E.2d 735, 735 (1975).

**12.** *James v. Board of Educ.*, 37 N.Y.2d 891, 892, 378 N.Y.S.2d 371, 371, 340 N.E.2d 735, 735 (1975).

**13.** *Board of Curators v. Horowitz*, 435 U.S. 78, 82, 98 S.Ct. 948, 951, 55 L.Ed.2d 124 (1978); *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Krause v. Small Business Ad'm.*, 502 F.Supp. 1332, 1338–1339 (S.D.N.Y. 1980).

**14.** *Child v. Beame*, 412 F.Supp. 593, 605 (S.D. N.Y.1976).

**15.** *Board of Educ. v. Middle Island Teachers Ass'n*, 50 N.Y.2d 426, 429 N.Y.S.2d 564, 407 N.E.2d 411 (1980); *Port Washington Union Free Sch. Dist. v. Port Washington Teachers Ass'n*, 45 N.Y.2d 411, 418, 408 N.Y.S.2d 453, 456, 380 N.E.2d 280, 283 (1978).

mittee which involved matters of academic judgment. A violation of the evaluative process did not displace the Board's exclusive responsibility for making determinations involving academic judgment. The New York State Court of Appeals has repeatedly indicated in no uncertain terms that the State's public policy forecloses delegation of the Board's ultimate authority to make all academic decisions.[16] Thus, in language that is crystal clear, New York's highest court has held

> that a board of education cannot relinquish its ultimate responsibility with respect to tenure determinations and that a provision of a collective bargaining agreement which would have that effect is unenforceable as against public policy.
>
> .    .    .    .    .
>
> This responsibility [to exercise academic judgment], with the accompanying grant of enabling authority, to select and screen the teaching personnel in the school must be exercised by the board for the benefit of the pupils and the school district and cannot be delegated or abnegated. Accordingly, it is beyond the power of the board to surrender this responsibility as part of any agreement reached in consequence of collective bargaining.[17]

Though they do not allege it in the complaint, plaintiffs further argue that because allegedly the Board's practice in the past has been to accept Colleges' recommendations on matters of reappointment or promotion in all but "a handful of cases," decisions of the select faculty committees which review the Colleges' recommendations, should be entitled to at least as much deference.[18] In essence, plaintiffs seek to establish a property right on the basis of "existing rules and understandings." [19] Defendants deny that such rules and understandings exist. However, assuming the claim was properly alleged in the complaint, such an understanding or practice could not create a protectible property interest in light of its conflict with the express Appellate Division ruling that the Board must independently review select faculty committees' decisions.[20] It would sterilize this ruling if the Board were required to exercise its nondelegable powers of reappointment and promotion by rubber stamping the decisions of a committee. Accordingly, plaintiffs are not entitled to a protectible property interest in having the select faculty committees' decisions treated as presumptively final regardless of any alleged understandings to the contrary.

Moreover, even if contrary to this Court's view it were assumed that plaintiffs acquired a protectible property interest in the enforcement of the select faculty committees' rulings, nonetheless, due process was satisfied in this instance. Following the remand, as previously noted, a committee of the Board first, and later the Board itself, afforded plaintiffs and their representatives an opportunity to be heard in urging implementation of the select faculty committees' determinations. The circumstance that the Board did not render an opinion explicating why it did not accept

---

**16.** *Port Washington Union Free Sch. Dist. v. Port Washington Teachers Ass'n*, 45 N.Y.2d 411, 418, 408 N.Y.S.2d 453, 456, 380 N.E.2d 280, 283 (1978); *Cohoes City Sch. Dist. v. Cohoes Teachers Ass'n*, 40 N.Y.2d 774, 775–78, 390 N.Y.S.2d 53, 55, 358 N.E.2d 878, 880 (1976); *see also Conte v. Board of Educ.*, 58 A.D.2d 219, 397 N.Y.S.2d 471, 473 (4th Dep't 1977); N.Y. Educ. Law § 6206(5) (McKinney 1972) (current version at N.Y. Educ. Law § 6212(5) (McKinney Supp.1980).

**17.** *Cohoes City Sch. Dist. v. Cohoes Teachers Ass'n*, 40 N.Y.2d 774, 390 N.Y.S.2d 53, 54–55, 358 N.E.2d 878, 879–880 (1976).

**18.** This alleged practice is set forth in an affidavit and memorandum of law accompanying this motion. Accordingly, the Court need not consider it in passing upon the defendants' motion to dismiss the complaint under Rule 12(b)(1) & (6).

**19.** *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *see Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972).

**20.** *See Baden v. Koch*, 638 F.2d 486, 492–493 (2d Cir. 1980); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 448 (2d Cir. 1980); *Stone v. Philbrook*, 528 F.2d 1084, 1091 (2d Cir. 1975).

the decisions of the select faculty committees does not amount to a denial of due process.[21]

Accordingly, the motion by the defendants to dismiss the complaint is granted.

So ordered.

---

**21.** *Cf. Finetti v. Harris*, 609 F.2d 594, 599–601 (2d Cir. 1979).