■ In the Matter of the Arbitration between BOARD OF EDUCATION OF THE BRITTONKILL CENTRAL SCHOOL DISTRICT, Appellant, and BRITTONKILL TEACHERS ASSOCIATION et al., Respondents. (And One Other Proceeding.) — Appeal from an order of the Supreme Court at Special Term, entered June 26, 1980 in Rensselaer County, which denied petitioner's application to stay arbitration. In March of 1980, petitioner advised certain teachers-members of the Brittonkill Teachers Association (Association) that they were not to be granted tenure. The members were advised that, among other things, they were being dismissed and denied tenure because of evaluations of their classroom performance, which had been conducted. The teachers filed grievances under the collective bargaining agreement between the Association and petitioner, alleging as follows: "Violation of Article XVIII — Sections 1, 2, 3 & 4, Article XIX — Sections 2 & 4, and Article XXII — Section 1 in that the employment of * * * [the teacher] has been discontinued without just cause, without evaluation consistent with the provisions of the Agreement, in a manner inconsistent with established District policies and teacher rights as set forth in the Agreement." The grievances were rejected by petitioner upon the grounds that (1) they were too vague, and (2) as a matter of public policy tenure is reserved to the sole discretion of the petitioner. The Association demanded arbitration and in these proceedings the petitioner seeks to stay arbitration. Special Term rejected the contentions of vagueness and unwarranted intrusion into the tenure area reserved exclusively to petitioner. As reviewed by Special Term, one of the provisions referred to in the grievances provides as follows: "At the conclusion of the probationary period the Board retains exclusive authority to grant or withhold tenure in accordance with Education Law: However, when tenure is denied on the basis of evaluations, compliance with the procedural provisions thereof shall be subject to the grievance procedure. Where denial is based on other considerations, such considerations shall be stated and questions of relevance and accuracy, if any, shall be subject to the grievance procedure." Upon this appeal, petitioner has not established any basis for its contention that Special Term erred. Questions related to procedures followed in evaluation are arbitrable and are not inconsistent with the public policy reserving tenure or the continued employment of probationary teachers to the sole discretion of petitioner. (See *Matter of Board of Educ. [Middle Is. Teachers Assn.],* 50 NY2d 426, 429.) There can be no doubt that under the terms of the present agreement such issues are subject to arbitration. *(Matter of Franklin Cent. School [Franklin Teachers Assn.],* 51 NY2d 348.) Fur-

ther, the allegation that the issues were not stated with sufficient clarity has no merit. *(Board of Educ. v New York State United Teachers,* 51 NY2d 994.) The petitioner has not established any ground for the stay of arbitration. Order affirmed, with costs. Main, J.P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur