TEMPLETON

v.

VETERANS ADMINISTRATION.

No. 81 Civ. 5944.

United States District Court,
S. D. New York.

June 9, 1982.

Templeton, pro se.

John S. Martin, Jr., U. S. Atty., S. D. N. Y., New York City, for defendants; Stephen A. Dvorkin, Asst. U. S. Atty., New York City, of counsel.

EDWARD WEINFELD, District Judge.

[1] Plaintiff, a probationary federal employee at the defendant Veterans Administration's Medical Center in Loma Linda, California, was discharged for in a satisfactory manner and for his inability to work with fellow workers and staff. The *pro se* complaint is unclear, but read with liberality it raises essentially two claims. First, it advances a claim of racial discrimination under Title VII of the Civil Rights Act of 1964, as amended (the "Act"). 42 U.S.C. §§ 2000e—2000e–17. Section 717 of the Act, 42 U.S.C. § 2000e–16, provides the exclusive judicial remedy for claims of discrimination in federal employment. *Brown v. GSA*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Subsection 717(d) provides that civil actions brought under § 717 shall be governed by § 706(f), which contains the venue provisions of the Act, 42 U.S.C. § 2000e–5(f)(3). Claims under Title VII are strictly governed by these venue provisions, rather than by the general venue statute, 28 U.S.C. § 1391. *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102–03 (D.C.Cir.), *cert. denied*, 396 U.S. 895, 90 S.Ct. 194, 24 L.Ed.2d 173 (1969); *Turbeville v. Casey*, 525 F.Supp. 1070, 1071 (D.D.C.1981); *Matthews v. Trans World Airlines, Inc.*, 478 F.Supp. 1244, 1245 (S.D.N.Y.1979); *Chaves v. Norton*, 18 FEP Cases 1705 (D.P.R.1978); *Richman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 441 F.Supp. 517, 519 (S.D.N.Y.1977); *Dubnick v. Firestone Tire and Rubber Co.*, 355 F.Supp.

138, 141–42 (E.D.N.Y.1973); *cf. Bruns, Nordeman & Co. v. American Nat'l Bank and Trust Co.*, 394 F.2d 300, 303 (2d Cir.), *cert. denied*, 393 U.S. 855, 89 S.Ct. 97, 21 L.Ed.2d 125 (1968). Defendants move for dismissal of plaintiff's discrimination claim on the ground that venue in this District is improper. Plaintiff does not dispute any of the facts that defendants have submitted in support of their motion.

■ Section 706(f) specifies four categories of judicial districts where a plaintiff may bring a Title VII action. It is clear that venue does not lie in this District under any of these categories, and instead lies in California or Missouri. An action may be brought where the unlawful employment practice is alleged to have been committed or where the aggrieved person would have worked but for the alleged unlawful employment practice, which in both cases is the VA Medical Center in Loma Linda, California. The action may also be brought where the employment records relevant to the alleged unlawful employment practice are maintained and administered, which in this case is St. Louis, Missouri. A fourth choice of venue under the statute does not apply because it is conditional on the unavailability of venue under the first three categories. However, this fourth category consists of the location of defendant's principal office, and consequently, even if it were applicable, this District would not be a proper venue for this action since the VA has its principal office in the District of Columbia. Thus, venue for this claim does not lie in the Southern District of New York.

■ Defendants also move for dismissal of plaintiff's second claim, which challenges his discharge on grounds other than racial discrimination. To state a nondiscrimination claim, plaintiff must allege that his discharge was procedurally defective or so lacking in rational basis as to constitute arbitrary or capricious action. *Krause v. Small Business Admin'n*, 502 F.Supp. 1332, 1335 (S.D.N.Y.1980); *Heaphy v. United States Treas. Dep't*, 354 F.Supp. 396, 399, 402 (S.D.N.Y.1973), *aff'd on opinion below*, 489 F.2d 735 (2d Cir. 1974). The VA satisfied the procedures established by the applicable regulations by notifying plaintiff by letter of the agency's conclusions as to why he was being separated and the effective date of the action. *See* 5 C.F.R. § 315.804 (1982). These regulations are consistent with the civil service statutes, *Sampson v. Murray*, 415 U.S. 61, 80–82, 94 S.Ct. 937, 948–949, 39 L.Ed.2d 166 (1974), and plaintiff has not alleged any deprivation of property or liberty within the Fifth Amendment, which would require additional procedural safeguards under the Constitution. His status merely as a probationary employee did not create a property interest in his employment, and he does not contend that there is any mutually explicit understanding or agency policy or practice that would rise to a claim of entitlement. *Holden v. Mathews*, 554 F.2d 1190, 1195 (D.C. Cir.1977); *Heaphy v. United States Treas. Dep't*, 354 F.Supp. 396, 400 (S.D.N.Y.1973), *aff'd on opinion below*, 489 F.2d 735 (2d Cir. 1974); *see Perry v. Sindermann*, 408 U.S. 593, 599–603, 92 S.Ct. 2694, 2698–2700, 33 L.Ed.2d 570 (1972); *Board of Regents v. Roth*, 408 U.S. 564, 577–78, 92 S.Ct. 2701, 2709–10, 33 L.Ed.2d 548 (1972); *Professional Staff Cong./CUNY v. City Univ.*, 507 F.Supp. 637, 640 (S.D.N.Y.1981); *cf. Baden v. Koch*, 638 F.2d 486, 492–93 (2d Cir. 1980) (mutual understanding and agency policy and practice do not create property right where regulations preclude additional procedural safeguards). The reasons given for his termination are not of such gravity as to implicate interests in liberty since they do not jeopardize his good name, honor or integrity, or impose a stigma or other disability that significantly restricts his liberty. *See Codd v. Velger*, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977) (per curiam); *Board of Regents v. Roth*, 408 U.S. 564, 572–75, 92 S.Ct. 2701, 2706–08, 33 L.Ed.2d 548 (1972); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 446–47 (1980); *Heaphy v. United States Treas. Dep't*, 354 F.Supp. 396, 400–01 (S.D.N.Y.1973), *aff'd on opinion below*, 489 F.2d 735 (1974). Accordingly, plaintiff's contention that his dismissal was improper because the VA did not

warn him prior to its notice of dismissal "of any formal or informal steps being" taken against him, fails to state a claim upon which relief may be granted.

■ Plaintiff also challenges his dismissal on substantive grounds. The administrative decisions affirming his dismissal relate a long series of incidents in which he refused to cooperate with coworkers or failed to perform his work. These incidents provide far more than merely the rational basis necessary to support plaintiff's dismissal. Plaintiff alleges only that the agency mischaracterized one of these incidents, and that he was actually removed for not transferring to another medical center, apparently an allegation that all the other reasons for his dismissal were merely a pretext. However, he does not deny the occurrence of any of the incidents on which his dismissal was based, and it is apparent from the uncontroverted facts that even the additional factor that plaintiff asserts might be the real reason for his dismissal—his refusal to transfer—was work related. Under these circumstances, even if his allegations were accepted as true, plaintiff has failed to raise a cognizable claim that his dismissal was arbitrary or capricious. *See Heaphy v. United States Treas. Dep't*, 354 F.Supp. 396, 402 (S.D.N.Y.1973), *aff'd on opinion below*, 489 F.2d 735 (2d Cir. 1974). Accordingly, plaintiff's nondiscrimination claim is dismissed.

Ordinarily, the Court would also dismiss the discrimination claim for improper venue. However, in view of the fact that the statute of limitations might have already run, *see* 42 U.S.C. § 2000e–16(c), the Court directs that the action as to the remaining discrimination claim be transferred to the Central District of California pursuant to 28 U.S.C. § 1406.

So ordered.