**Jean A. MORROW**

v.

**FEDERAL AVIATION ADMINISTRATION.**

**Civ. A. No. J83–0156(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 5, 1983.

John H. Ott, Roach, McMillan, Welch & Ott, McComb, Miss., for plaintiff.

Dan H. McDaniel, Jr., Asst. U.S. Atty., Jackson, Miss., for defendant.

MEMORANDUM OPINION
AND ORDER

BARBOUR, District Judge.

This case involves the suit of an air traffic control specialist who appealed her removal from her position with the Federal Aviation Administration (FAA) and has now instigated this litigation alleging discrimination. The Plaintiff was employed in Bethel, Alaska when the alleged acts occurred. The Merit Systems Protection Board heard her appeal and issued a written opinion which upheld the agency's actions.

The Plaintiff has the right to have the decision of the Merit Systems Protection Board reviewed by a district court where discrimination is alleged. *Christo v. Merit Systems Protection Board,* 667 F.2d 882, 885 (10th Cir.1981); 5 U.S.C.A. § 7703(b)(2); 42 U.S.C.A. § 2000e–16. In the present case the Defendant has objected to venue and moved this Court to dismiss the complaint because of the improper venue and a lack of subject matter jurisdiction. The basis for the lack of jurisdiction is the failure of the Plaintiff to specify the jurisdictional statute under which she was proceeding, a deficiency which may be cured by an amendment to the Complaint. The Defendant also moves for summary judgment on the grounds that the thirty day filing requirement was not met. 5 U.S.C.A. § 7703(b)(2); 42 U.S.C.A. § 2000e–16. The Plaintiff alleges compli-

ance with the requirement that she file her complaint within the thirty day period from the *receipt* of the final order of the board. Because there is a factual dispute involved, summary judgment is not appropriate.

As noted above, the Defendant also objects to the venue stating that venue is not proper in the Southern District of Mississippi. The venue of this action is controlled by 42 U.S.C.A. § 2000e–5(f)(3) which states in part:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful practice, . . .

*Id.*

The three choices for venue set forth above should strictly govern claims under Title VII. *Templeton v. Veterans Administration*, 540 F.Supp. 695, 696 (S.D.N.Y. 1982). The fourth choice does not apply here as it is available if the respondent is not found within any of the districts described by the first three choices. *Id.* at 697. In this case the alleged unlawful act occurred in Alaska; the relevant employment records are in Atlanta, Georgia, the central record facility for the FAA; and, she would have been employed in Alaska but for the alleged unlawful act. Consequently, this Court must either dismiss the case or transfer it to a district where venue is proper, namely, Alaska or the Northern District of Georgia, Atlanta Division. Because the Plaintiff resides in Mississippi fairness compels this Court to transfer this case to the district which is most convenient for her, the Northern District of Georgia, Atlanta Division.

IT IS THEREFORE ORDERED that the Defendant's motion to dismiss for lack of jurisdiction is denied; that the Defendant's motion for summary judgment is denied; and, that this case and all of the papers, including a copy of this order, be transferred to the Northern District of Georgia, Atlanta Division. The clerk of this Court is to properly certify and mail the court's file.