Carolyn R. KRAVEC, Plaintiff,

v.

**CHICAGO PNEUMATIC TOOL COMPANY, Defendant.**

Civ. A. No. C83–1400A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 13, 1983.

Eugene D. Butt, Carter & Shepherd, Atlanta, Ga., for plaintiff.

Ronald D. Reemsnyder, Neely & Player, Atlanta, Ga., Ernest Sasso, New York City, for defendant.

## ORDER

FORRESTER, District Judge.

This action is before the court on defendant's motion to dismiss or alternatively for summary judgment. Plaintiff's complaint seeks compensatory and punitive damages, as well as attorney's fees, for employment discrimination in violation of Title VII. The complaint also asserts claims founded upon state law and a single claim based upon ERISA. Defendant argues that this court should dismiss the action for lack of subject matter jurisdiction or for lack of venue.[1]

---

**1.** Because it has referred to matters outside of the pleadings defendant has taken the precautionary step of enclosing the materials required for a Rule 56 motion for summary judgment, in case this court should convert the motion to dismiss into one for summary judgment. Because defendant's motion to dismiss is founded upon Rule 12(b)(1) and (3) rather than 12(b)(6), there is no need for this court to convert the motion into one for summary judgment despite

Plaintiff's complaint alleges that plaintiff was unjustly terminated from her position of employment with defendant after more than thirteen years of satisfactory service. It appears that plaintiff at the time was a resident of New York, was employed in New York by the defendant whose principal place of business is New York, and that the alleged act of discrimination occurred in New York. Plaintiff filed a complaint alleging sex discrimination with the New York State Division of Human Rights and with the Equal Employment Opportunity Commission (EEOC) office in New York. After investigating her complaint the EEOC dismissed it for lack of probable cause. Plaintiff filed this action in this court on July 5, 1983. The EEOC issued plaintiff a Notice of Right to Sue on August 9, 1983.

## I. SUBJECT MATTER JURISDICTION.

■ Defendant argues that this court lacks subject matter jurisdiction over the employment discrimination claim because plaintiff had not received a right to sue letter prior to filing this suit. It is true that in order to file an action alleging employment discrimination under Title VII, a plaintiff must first receive from the EEOC a "right to sue" letter. *Jackson v. Seaboard Coastline Railroad Co.*, 678 F.2d 992, 999 (11th Cir.1982); 42 USC § 2000e–5(f)(1). In this circuit the receipt of a right to sue notice is regarded as a condition precedent to maintaining a Title VII action rather than as a jurisdictional requirement. *Jackson, supra.* The purpose of the requirement is twofold; it affords notice to the charged party of the complaint against him, and it affords an opportunity for the charged party to resolve the problem through conciliation before being exposed to liability. *Novotny v. Great American Federal Savings & Loan Association*, 22 F.E.P. Cases 440 (W.D.Pa.1980). Where a party has properly filed a complaint with the EEOC and there has been an opportuni-

ty for conciliation, the mere fact that plaintiff files his lawsuit prior to receiving his right to sue letter does not warrant dismissal of his action. Rather, the subsequent receipt of a right to sue letter cures what can be regarded as a defect in the complaint. *See Henderson v. Eastern Freightways, Inc.*, 460 F.2d 258 (4th Cir.), *cert. denied*, 410 U.S. 912, 93 S.Ct. 976, 35 L.Ed.2d 275 (1972); *Vanguard Justice Society, Inc. v. Hughes*, 471 F.Supp. 670 (D.Md.1979); *Dague v. Riverdale Athletic Association*, 99 F.R.D. 325 (N.D.Ga.1983) (Forrester, J.). The court finds, therefore, that the receipt by plaintiff of a right to sue letter subsequent to filing her complaint in this court cured that defect. This court has subject matter jurisdiction of plaintiff's claim.

## II. VENUE.

■ Venue for civil actions alleging employment discrimination is governed by 42 USC § 2000e–5(f)(3) which provides in part:

Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. But if the respondent is not found within any such district, an action may be brought within the judicial district in which the respondent has his principal office.

The unlawful employment practice alleged to have been committed in this case occurred in the State of New York. The employment records relevant to plaintiff's case are maintained and administered in Utica, New York, which is in the Northern District of New York. Utica is also the place "in which the aggrieved person would have worked but for the alleged unlawful

---

the fact that matters outside the pleadings have been submitted. Rule 12(b), Fed.R.Civ.P. Defendant's motion therefore will be considered

solely as a motion to dismiss under Rules 12(b)(1) or 12(b)(3).

employment practice." Venue is therefore proper in any of the judicial districts of the State of New York.[2] It is clear that by the terms of § 2000e–5(f)(3) venue is proper only within one of the four judicial districts of New York and that there is no venue in the Northern District of Georgia. Plaintiff does not dispute this, but rather argues that venue is not restricted to the four locations provided for in § 2000e–5(f)(3). Plaintiff argues that these locations merely supplement the possible places of venue provided for by the general venue provision of 28 U.S.C. § 1391, which provides:

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

Plaintiff has submitted evidence that defendant corporation is licensed to do business within the Northern District of Georgia and argues that under § 1391 venue is therefore proper in this district. In support of her position plaintiff relies on *Pure Oil Company v. Suarez*, 384 U.S. 202, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966), which held that a specific venue provision similar to that in Title VII which was contained in the Jones Act merely supplemented § 1391(c).

This court has found no authority within this circuit for the proposition plaintiff makes. The leading case elsewhere appears to be *Stebbins v. State Farm Mutual Automobile Insurance Co.*, 413 F.2d 1100 (D.C.Cir.1969). In that case the court specifically held that the general venue statute, 28 USC § 1391, did not provide an additional place of venue where the terms of § 2000e–5(f)(3) were not met. The court examined the clear language of § 2000e–5(f)(3) and found that "the intent of Congress to limit venue to the judicial districts concerned with the alleged discrimination seems clear." *Id.* at 1102. Plaintiff's ar-

guments and the *Stebbins* case were given an extensive discussion in *Dubnick v. Firestone Tire and Rubber Company of California*, 355 F.Supp. 138 (E.D.N.Y.1973). In that case the EEOC had filed an *amicus* brief asserting the same arguments raised by plaintiff in her brief. The court in that case said,

While legislative history is scant concerning the venue provision, what there is supports the conclusion that "actions will be brought either in the judicial district where either [sic] the unlawful employment practice is alleged to have been committed or in the judicial district in which the charged party has his principal office." Major congressional statements made while the Act was under debate also reinforced the view that the district of "unlawful employment practice" was broadened to assure full access to courts in the areas involved. The district of "principal office," on the other hand, was designed to facilitate the transfer provisions of 28 USC §§ 1404 and 1406, not to open the door to the application of § 1391(c).

Other cases have also held that claims brought under Title VII are strictly governed by the venue provisions of § 2000e–5(f)(3) rather than by the general venue statute, 28 U.S.C. § 1391. *See Templeton v. Veterans Administration*, 540 F.Supp. 695 (S.D.N.Y.1982); *Turbeville v. Casey*, 525 F.Supp. 1070, 1071 (D.D.C.1981); *Matthews v. Trans World Airlines, Inc.*, 478 F.Supp. 1244, 1245 (S.D.N.Y.1979); *Chaves v. Norton*, 18 F.E.P. Cases 1705 (D.P.R. 1978). This court has found no cases either in this circuit or elsewhere which support plaintiff's argument.

 This court is persuaded by the authorities cited above that the venue provisions of § 2000e–5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and

---

**2.** The fourth possible place for venue is the district in which the defendant has his principal office. This provision only comes into play when defendant cannot be found in any of the other judicial districts provided for. There is no such allegation in this case, and even if there were the result would not change because defendant's principal place of business is within the Southern District of New York.

that the more general provisions of § 1391 are not controlling in such cases. Because venue in the Northern District of Georgia is clearly improper under § 2000e–5(f)(3) this court must either dismiss the Title VII claim or transfer it pursuant to 28 U.S.C. § 1404. Because each of the common law claims will be controlled by New York law and because all of the witnesses and evidence will be in New York, and because the only connection any aspect of this case has with the State of Georgia is that plaintiff is now a resident of this state, this court is inclined to transfer the entire action to New York under the doctrine of *forum non conveniens.* However, because neither of the parties has made any motion for a transfer of either the Title VII or the non-Title VII claims and because there are four possible judicial districts within the State of New York which would have proper venue, this court will not *sua sponte* transfer the entire case or any part of it. Rather, the court will dismiss plaintiff's Title VII claim unless within 30 days of the date of this order one of the parties files an appropriate motion to transfer the Title VII claim, either alone or with the rest of her claims, to one of the judicial districts of New York. If plaintiff does not act within 30 days the Clerk is DIRECTED to dismiss Count I of her complaint for lack of venue. The rest of her complaint would then proceed in this court until such time as either party makes an appropriate motion to transfer under § 1404.

In sum, defendant's motion to dismiss is GRANTED as to Count I of plaintiff's complaint, unless within thirty (30) days plaintiff files a motion to transfer Count I, either separately or with the rest of her complaint, to one of the judicial districts of New York.