Joseph THURMON, Plaintiff,

v.

MARTIN MARIETTA DATA SYSTEMS, Defendant.

Civ. A. No. 84–0908.

United States District Court,
M.D. Pennsylvania.

Oct. 26, 1984.

Melville G.M. Walwyn, Dade, Harris & Walwyn, Harrisburg, Pa., for plaintiff.

**368**

David H. Allshouse, Harrisburg, Pa., and Francis M. Milone, Philadelphia, Pa., for defendant.

## MEMORANDUM

CALDWELL, District Judge.

Before the court is defendant's motion to transfer the above-captioned matter to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, this case will be transferred but the transfer is grounded in the venue provisions of 42 U.S.C. § 2000e–5(f)(3) and is a mandatory rather than a discretionary act by this court.

Plaintiff, Joseph Thurmon ("Thurmon"), who currently resides in Harrisburg, Pennsylvania, alleges in his complaint that defendant Martin Marietta Data Systems ("Martin Marietta") terminated his employment on September 2, 1983, for racial motivations in violation of, *inter alia*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. §§ 1981, 1983 and 1985. After filing its answer to the complaint, Martin Marietta moved to transfer this action to Colorado, where the alleged discriminatory termination occurred at Martin Marietta's facility located in Littleton, Colorado.

Initially, this court notes that it is disturbed that neither party discussed or even referred to the body of clearly controlling case law in this matter. Our own independent research, and examination of the statutory provisions and of the relevant case law, however, convinces us that venue is not proper in the Middle District of Pennsylvania but rather lies in the District of Colorado under § 706(f)(3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(3), which sets forth four judicial districts where an employment discrimination action may be brought: (1) where "the unlawful employment practice is alleged to have been committed"; (2) where "the plaintiff would have worked but for the alleged unlawful employment practice"; (3) where "the employment records relevant to such practice are maintained and

administered"; and (4) where the employer "has his principal office" if he cannot be found within the district where "the plaintiff would have worked but for the alleged unlawful employment practice." *See Stebbins v. State Farm Mutual Automobile Insurance Company,* 413 F.2d 1100, 1102 (D.C.Cir.), *cert. den.,* 396 U.S. 895, 90 S.Ct. 194, 24 L.Ed.2d 173 (1969); *Kravec v. Chicago Pneumatic Tool,* 579 F.Supp. 619 (N.D.Ga.1983).

We are persuaded that the reasoning of the *Stebbins* court, as followed in *Kravec,* should guide our decision here and we have found no authority in the Third Circuit to the contrary. Plaintiff Stebbins made the identical jurisdictional claim as the plaintiff in the instant action, i.e., that since the defendant employer was licensed to do, and was doing business in, the judicial district where the plaintiff brought suit, venue was proper there. The *Stebbins* court held that "[t]he venue of the right of action here in suit was limited by the statute which created the right," in accordance with the Congressional intent "to limit venue to the judicial districts concerned with the alleged discrimination." 413 F.2d at 1102.

■ Thurmon is therefore incorrect in arguing that the general venue provisions of 28 U.S.C. § 1391 control and he cannot seriously contend that the specific judicial districts where his action may have been brought under 42 U.S.C. § 2000e–5(f)(3) should be ignored. The *Stebbins* court specifically held that 28 U.S.C. § 1391, the general venue statute, did not provide an additional place of venue when the provisions of 42 U.S.C. § 2000e–5(f)(3) were not satisfied. The *Kravec* court likewise reiterated the *Stebbins* view that for the kind of employment discrimination action presented by the present matter, the Title VII venue provisions are exclusive. Among other cases reaching the same conclusion are *Donnell v. Nat'l Guard Bureau,* 568 F.Supp. 93 (D.D.C.1983); *Templeton v. Veterans Administration,* 540 F.Supp. 695 (S.D.N.Y.1982); and *Dubnick*

*v. Firestone Tire and Rubber Co.,* 355 F.Supp. 138, 141 (E.D.N.Y.1973).

█ Having concluded that venue in the present matter is governed by 42 U.S.C. § 2000e–5(f)(3), we find that venue does not properly lie in the Middle District of Pennsylvania. The alleged unlawful employment practice occurred in Colorado, where the relevant records are maintained. Moreover, plaintiff would have worked in Colorado were it not for the purported discriminatory act of defendant, and defendant is found within that district. Accordingly, defendant's motion to transfer is granted on the grounds discussed in this memorandum and an appropriate order will be entered to effect the transfer.