**John E. TRUJILLO, Plaintiff,**

v.

**TOTAL BUSINESS SYSTEMS, INC., Southwest Business Ventures, Inc., and Southwest Community Health Services, Inc., Defendants.**

Civ. A. No. 88–B–1299.

United States District Court,
D. Colorado.

Jan. 30, 1989.

John F. Sanchez, Sanchez & Sanchez, Denver, Colo., for plaintiff.

Walter V. Siebert, Sherman & Howard, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter comes before the Court on Defendants' motion to dismiss or to change venue. For the reasons discussed below, this case will be transferred to the United States District Court for the District of New Mexico.

Having thoroughly reviewed the briefs, affidavits, and other records submitted by the parties in support of their respective positions on this matter, I believe that oral argument will not materially assist the Court in the resolution of this matter.

Plaintiff, John E. Trujillo, who currently resides in Colorado, alleges in his complaint that Defendants terminated his employment on April 22, 1987, for reasons of sex and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. Defendants moved to dismiss or to change venue to New Mexico, where the alleged discriminatory termination occurred at Total Business Systems, Inc.'s Albuquerque facility.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(3) states that "an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office."

The general venue provisions of 28 U.S. C. § 1391 provide, in pertinent part, that "a civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs ... reside." Based on this provision, Plaintiff filed suit in the United States District Court for the District of Colorado.

A reading of § 2000e–5(f)(3) indicates that Congress intended to limit venue to the judicial districts concerned with the alleged discrimination. Further evidence of this intent is found by reading the last part of section 2000e–5(f)(3). Rather than relying on a broad venue provision such as § 1391, Congress opted for the narrow alternative of allowing the action to be brought within the judicial district in which the respondent has his principal office. Also, § 1391 states that the general venue provision applies "except as otherwise provided by law."

I am persuaded that the more specific venue provisions of 42 U.S.C. § 2000e–5(f)(3) control and, thus, exclude the general venue provisions of 28 U.S.C. § 1391. *See Stebbins v. State Farm Mutual Automobile Insurance Company,* 413 F.2d 1100 (D.C.Cir.), *cert. den.,* 396 U.S. 895, 90 S.Ct. 194, 24 L.Ed.2d 173 (1969); *Thurmon v. Martin Marietta Data Systems,* 596 F.Supp. 367 (M.D.Pa.1984); *Kravec v. Chicago Pneumatic Tool Co.,* 579 F.Supp. 619 (N.D.Ga.1983); *Hayes v. RCA Service Co.,* 546 F.Supp. 661 (D.D.C. 1982).

Here, the alleged unlawful discrimination occurred in New Mexico, where the relevant employment records are maintained. Moreover, Plaintiff would have

worked in New Mexico but for the purported discrimination by Defendants. Last, Defendants are found within the district of New Mexico.

Accordingly, Defendants' motion to change venue to the United States District Court for the District of New Mexico is GRANTED, and the Clerk of this court is ORDERED to TRANSFER VENUE to the United States District Court for the District of New Mexico.