2 F.3d 1160
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rick S. FOLINO, Plaintiff-Appellant,
v.
AMERICAN AIRLINES, INC., Defendant-Appellee.
 No. 93-1030.
 United States Court of Appeals, Tenth Circuit.
 Aug. 13, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 This is an appeal from an order dismissing plaintiff's Title VII case for improper venue. Plaintiff appeals, essentially asserting the district court should have transferred the matter to the appropriate district rather than dismissing the action. We conclude the district court did not abuse its discretion and affirm.
 
 
 2
 Rick S. Folino, plaintiff, filed a complaint against his former employer, American Airlines, Inc., alleging he had been terminated because of his gender, contrary to the provisions of Title VII of the Civil Rights Act of 1964. Defendant moved to dismiss because plaintiff had not complied with the venue provisions of 42 U.S.C. Sec. 2000e-5(f)(3). Folino replied, conceding he had not followed the statute, and he asked the case be transferred rather than dismissed. Plaintiff cited no reason why dismissal would be inappropriate and failed to advise the court in which district venue would be proper.
 
 
 3
 The district court granted the motion to dismiss. Twenty-two days later, plaintiff filed a motion for reconsideration in which he summarily stated the statute of limitations had run, but he failed to support that contention with any facts. Six days later, without a ruling on the motion for reconsideration, plaintiff filed his notice of appeal.
 
 
 4
 Defendant contends the district court correctly relied upon the venue provisions of Sec. 2000e-5(f)(3) rather than the general venue statute. We agree. Indeed, we long ago reached that conclusion ourselves. See Ford v. Valmac Indus., Inc. 494 F.2d 330, 332 (10th Cir.1974). Ignoring Valmac, plaintiff urges the outcome here should be guided by Trujillo v. Total Business Sys., Inc., 704 F.Supp. 1031 (D.Colo.1989), a case in which the district court ordered the transfer of a similar case rather than dismissal.
 
 
 5
 Plaintiff fails to acknowledge the plain fact that it is within the discretion of the district court whether to dismiss or transfer a case when venue is improperly invoked. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 237 (1981). Also, plaintiff has failed to demonstrate that discretion was clearly abused as he must to succeed on appeal. Id.; Saylor v. Dyniewski, 836 F.2d 341, 345 (7th Cir.1988). Plaintiff's contentions Trujillo mandates a transfer in all cases and the district court cannot dismiss a case for improper venue are simply mistaken. The plain language of 28 U.S.C. Sec. 1406(a) is ample authority to the contrary.[1]
 
 
 6
 When given the opportunity prior to the district court's ruling, plaintiff failed to indicate any reason why dismissal would be prejudicial to him. Moreover, he did not disclose where venue would have been proper. Under these circumstances, he made no showing that the "interest of justice" required the transfer of the case; therefore, we see nothing abusive about the district court's ruling.
 
 
 7
 Although plaintiff later attempted to raise the statute of limitations, he failed to demonstrate a foundation for that claim. Not only did he provide the district court with no facts upon which it might have acted, but he also perfected his appeal to this court and deprived the district court of jurisdiction to reconsider its order.
 
 
 8
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 That section provides:
 The district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought.
 (emphasis added).