Don M. WEBER, II, Plaintiff,

v.

IDEKER, INC., a Missouri Corporation, d/b/a Ideker Construction, Defendant.

No. Civ. A. 97–2279–GTV.

United States District Court, D. Kansas.

Sept. 19, 1997.

Theodore J. Lickteig, Overland Park, KS, for plaintiff.

David P. Madden, Fisher, Patterson, Sayler & Smith, Overland Park, KS, R. Dan Boulware, Kenneth E. Siemens, Watkins, Boulware, Lucas, Miner, Murphy & Taylor, LLPP, St. Joseph, MO, for defendant.

### *MEMORANDUM AND ORDER*

VAN BEBBER, Chief Judge.

Plaintiff brings this action claiming that defendant subjected him to religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* This matter is before the court on defendant's motion to dismiss for improper venue or, in the alternative, to transfer venue to the Western District of Missouri (Doc. 9). For the reasons set forth below, the motion is granted and the action is transferred to the Western District of Missouri.

Plaintiff alleges that defendant discriminated by refusing to hire plaintiff without plaintiff providing a Social Security number. Plaintiff contends that the use of a Social Security number represents the mark of the beast as described in the Book of Revelation of the Holy Bible and that defendant could have reasonably accommodated plaintiff without imposing an undue hardship on itself.

■ The governing venue statute provides:

[A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice....

42 U.S.C. § 2000e–5(f)(3). The specific provisions of 42 U.S.C. § 2000e–5(f)(3) apply to the exclusion of the general venue provisions of 28 U.S.C. § 1391. *See Johnson v. Payless Drug Stores N.W.,* 950 F.2d 586, 587–88 (9th Cir.1991); *Trujillo v. Total Bus. Sys., Inc.,* 704 F.Supp. 1031, 1032 (D.Colo.1989).

■ Here, the allegedly unlawful employment practice was committed in Kansas City, Missouri, within the Western District of Missouri. The employment records relevant to the allegedly unlawful practice are maintained and administered in defendant's offices in St. Joseph, Missouri, within the Western District of Missouri. But for the allegedly discriminatory conduct, plaintiff would have worked exclusively within the Western District of Missouri. Because none of the specific bases of 42 U.S.C. § 2000e–5(f)(3) apply to the District of Kansas, venue is improper.

■ The court in which venue is improper may transfer an action to a court of proper venue if such transfer serves "the interest of justice." 28 U.S.C. § 1406(a). A court usually should transfer an action, rather than dismiss it for improper venue. *United States v. Miller–Stauch Constr. Co.,* 904 F.Supp. 1209, 1214 (D.Kan.1995). Transferring an action serves the interest of justice if upon refiling the action in the court of proper venue, the action would now be time-barred. *Id.* at 1214. The United States District Court for the Western District of Missouri is the only court of proper venue. The EEOC issued a "right to sue" letter on March 12, 1997. The action would be time-barred if now refiled in the Western District of Missouri. *See* 42 U.S.C. § 2000e–5(f)(1) (requiring filing of civil action within 90 days of issuance of notice of right to sue). The court finds that transfer to the Western District of Missouri is appropriate.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion to dismiss for improper venue, or in the alternative, to transfer venue to the Western District of Missouri (Doc. 9) is denied, in part, and granted, in part. The action is transferred to the Western District of Missouri.

The clerk is directed to take all necessary steps to effectuate the transfer.

**IT IS SO ORDERED.**