## STEWART v. PACIFIC STEAM NAVIGATION CO.

(District Court, S. D. New York. May 2, 1924.)

Seamen ⊜⇒29(5) — Jones Act, prescribing rights of seamen, held applicable to foreign steamship companies; "principal office."

Jones Act March 4, 1915, prescribing rights of seamen, enforceable under section 20, as amended by Act June 5, 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), in district in which the defendant employer resides or in which his principal office is located, *held* to authorize actions against corporations organized outside the United States; the "principal office" of such foreign steamship company being principal place where it does business in the United States.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Principal Office.]

In Admiralty. Libel by one Stewart against the Pacific Steam Navigation Company. On motion to set aside service of summons. Denied.

Silas B. Axtell, of New York City, for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for respondent.

LEARNED HAND, District Judge. Only one point is raised on this motion to set aside the service of the summons, and that is that under section 20 of the Act of March 4, 1915, as amended by section 33, Act June 5, 1920, c. 250, 41 Stat. 1007 (Comp. St. Ann. Supp. 1923, § 8337a) commonly called the Jones Act, no action can be brought against a corporation organized outside the United States. This position is taken, not because of any intimation in the general language which creates the right of action, for concededly it is not so limited, but because of the sentence with which the section concludes, which reads as follows: "Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

The Supreme Court, in the case of The Alianca (Panama R. Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748, 1924 A. M. C. 551, said very aptly that this sentence was not happily worded, and the infelicity of the language causes the question in this case, as well as in that. In the case I have just cited, the sentence is construed, as obviously it must be construed, not as a question of the affirmative bestowal of jurisdiction, but merely as a question of venue, and I must therefore construe it in the same sense here. The general bestowal of jurisdiction is to be found in the right sentence, the long one; it lays down what the right shall be, and against whom it shall exist. As I have already said, this language is general. There is no indication of any purpose to limit it to United States corporations, and it would be highly unreasonable to impute any such purpose to Congress, for the result would be, not only to deprive American seamen of the protection which the act was meant to give them when serving on foreign ships, but to give advantage to such ships as against American ships. We all know that the purpose of Congress was directly the opposite.

That being very clearly the main purpose of the act, how am I to interpret the last sentence, which confers jurisdiction? It seems to me that this is very easy in the

case of a foreign corporation. The phrase "in which its principal office is located" clearly means in which the principal office of the foreign steamship company is located within the United States. There alone the action can be brought, and if the section intends to cover foreign corporations, for the reasons I have given, there the action alone will lie. It is no strain on that language to interpret it in the way which I suggest. The principal office of a foreign corporation will normally mean the principal place where it does its business in the United States. It may be, and it might be in this case, that the defendant did too little to justify the assumption of any jurisdiction at all. A certain amount of business must be carried on within the United States in order to get any personal jurisdiction, and that is the imputation which this statute carries along with others of the same kind. But no such point is raised in the case at bar. It is conceded that, so far as the defendant goes, it subjects itself personally to jurisdiction if that is what the section means; that being so, I am satisfied that in this case it means what I have said.

Therefore the motion will be denied.