Janice Lee ALLEN, Plaintiff,

v.

William F. BOLGER, Postmaster General, Defendant.

Civ.A. No. 83–1780.

United States District Court, D. Kansas.

Nov. 20, 1984.

J. Thomas Marten, McPherson, Kan., for plaintiff.

Stephen K. Lester, Asst. U.S. Atty., D. Kansas, Wichita, Kan., Michael F. Lefkow, Asst. Regional Labor Counsel, Law Dept., Chicago, Ill., for defendant.

## OPINION AND ORDER

THEIS, District Judge.

Plaintiff, Janice Lee Allen, has filed suit under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–16(c), alleging that the United States Postal Service has discriminated against her on the basis of her sex and has discriminated against her in the terms and conditions of employment by allowing her fewer hours of work than other employees. The case is currently before the Court on the motion of defendant, Postmaster General William F. Bolger, to dismiss for insufficient service of process, lack of jurisdiction and improper venue.

Initially, Bolger claims that Allen failed to file suit within 30 days following receipt of the final decision of the EEOC's Office of Review and Appeals (ORA), as required by 42 U.S.C. § 2000e–16(c). Defendant contends that Allen's Detroit attorney received ORA's final decision on July 5, 1983, that the 30 days to file suit expired on August 4, and that on August 5 Allen submitted to the Court motions to proceed *in forma pauperis* and for appointment of counsel. Although Bolger argues that Allen's attorney received the notice on July 5 and that receipt of the notice by her attorney is knowledge imputed to Allen, Allen testifies that the Detroit attorney was not representing her on July 5, 1983. It is undisputed that *Allen* received the ORA decision on July 8, 1983. Since Allen did not receive the ORA decision until July 8, 1983, the Court finds that her August 5 filing falls within the 30 day limit and is therefore timely.

In Bolger's reply to plaintiff's memorandum in opposition to the motion to dismiss, defendant shifts his argument and contends that the present suit was filed on November 14, 1983, which would be outside the 30 day period. The November 14 pleading was a more complete complaint filed by a court-appointed attorney. Bolger mischaracterizes the nature of Allen's August 5 pleading. Although on August 19 this Court granted Allen leave to proceed

*in forma pauperis* and on November 14 a more complete complaint was filed with the help of a court-appointed attorney, this Court finds that Allen's August 5 filing can justly be characterized as a complaint.

Allen filed several documents on August 5, 1983: an application for leave to proceed *in forma pauperis*, a copy of the final decision of the EEOC, and a government form, XE–2, entitled "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." The form contains a statement of jurisdiction, information concerning the nature of the case, a statement of the cause of action that includes supporting facts, and a request for relief. Not only is Allen's pleading of August 5 entitled a complaint, it also contains all the information that Federal Rule of Civil Procedure 8 requires to be in a complaint. Rule 8 mandates that a claim for relief shall contain (1) a short and plain statement of jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief.

■ Allen's complaint of August 5 provides all of the requisite information. Other courts have confirmed that the filing of an *in forma pauperis* petition with an accompanying complaint commences an action. *Move Organization v. Philadelphia,* 530 F.Supp. 764, 765 (E.D.Pa.1982). The Court holds that Allen commenced the present action on August 5, 1983, which is within the 30 day limitations period prescribed by 42 U.S.C. § 2000e–16(c).

■ Bolger next argues that the complaint should be dismissed because Allen has failed to serve the Postmaster General. Defendant is correct in asserting that, under 42 U.S.C. § 2000e–16(c), the head of the agency, here the Postmaster General, must be the defendant and must be served with process. Bolger's only allegation that the amended complaint against him should not related back under Federal Rule of Civil Procedure 15(c) is that actual notice of the suit was not received "within the period provided by law for commencing the action against him." F.R.C.P. 15(c). Since the Court held above that the action was prop-

erly commenced within the 30 day time period, this argument is moot. Furthermore, in its scheduling order of April 6, 1983, the Court allowed the caption of the case to be amended and correctly allowed amendment of process as well. *Quillen v. United States Postal Service,* 564 F.Supp. 314, 322 (E.D.Mich.1983).

Next Bolger argues that Allen failed to exhaust her administrative remedies. Defendant contends that 29 C.F.R. § 1613.-214(a)(1) requires a plaintiff to bring the alleged discriminatory matter to the attention of the EEOC within 30 days of the date of the discrimination. Bolger reasons that the discrimination occurred in 1977 and that Allen did not complain until 1981. Allen counters that the discrimination which forms the subject of her action involved derogatory material in her file. She first saw the material on April 9, 1981, and she filed a complaint on April 13, 1981, four days after the discovery.

■ Although the original discriminatory acts occurred in 1977, plaintiff did not discover the discrimination until April 9, 1981. Under the circumstances, equitable considerations require that Allen be allowed to proceed with her claim. In *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), the Supreme Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." The Tenth Circuit Court of Appeals in *Martinez v. Orr,* 738 F.2d 1107, 1109 (10th Cir.1984), extended the *Zipes* rationale to suits brought under § 2000e–16(c).

■ Equitable tolling is appropriate when a plaintiff, through no fault of her own, has been injured by fraud and remains in ignorance of it. *Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946); *Wilkerson v. Siegfried Insurance Agency, Inc.,* 683 F.2d 344, 348 (10th Cir.1982). Allen aptly notes

that to comply with the exhaustion requirements urged by the defendant she would have had to request to review her file periodically while she was employed by the Postal Service to check for discriminatory acts. The Court finds that since Allen filed a complaint less than a week after her discovery of the acts of which she complains, the EEOC complaint was timely filed.

Finally, Bolger claims that Allen's Michigan claim should be dismissed because venue in Kansas is improper. Venue over federal sector employees is governed by 42 U.S.C. § 2000e–5(f). Section 2000e–5(f) provides where venue may be established:

Such an action may be brought [1] in any judicial district in the state in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

Bolger's argument is that venue does not lie in the District of Kansas over the allegations about Title VII violations in Michigan. Bolger misanalyzes both Allen's contentions and the applicable statute. Allen contends that the wage and hour discrimination in Michigan was a direct result of the insertion of derogatory material in her file, which insertion occurred in Kansas.

■ The issue is whether venue is properly located in Kansas. Affidavits submitted by Bolger establish that the pertinent records are not maintained in Kansas, but rather are kept in Chicago, Illinois and Plymouth, Michigan; thus, alternative [2] does not afford Allen Kansas as a choice of venue. Bolger is correct in asserting that Allen does not claim that she would have worked in Kansas but for the alleged unlawful practices in Michigan;

thus, alternative [3] does not afford Allen Kansas as a choice of venue. Although Bolger suggests that Allen could have filed in the Eastern District of Michigan or the Northern District of Illinois, it is apparent that Michigan and Illinois are inconvenient forums for Allen, a Kansas resident.

■ Next Bolger analyzes alternative [4]. Defendant argues that "Congress has provided for cases which do not fit comfortably into one district by allowing the case to be filed in the district where the defendant has its principal office. With the Postal Service, as with most federal agencies, that is the District of Columbia." Dk. no. 19, p. 6. Alternative [4] is not the catch-all that Bolger claims. The language of [4] specifically states that "if the respondent is not found within [ (1), (2), or (3) ] such an action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e–5(f). Bolger makes no allegation that he cannot be found in districts [1], [2], or [3]. Several courts have strictly construed the ambit of alternative [4]: "Only where the putative employer cannot be brought before the court in one of those districts may the action be filed in the judicial district in which he has 'his principal office.'" *Stebbins v. State Farm Mutual Automobile Insurance Co.*, 413 F.2d 1100, 1102–03 (D.C.Cir.), *cert. denied*, 396 U.S. 895, 90 S.Ct. 194, 24 L.Ed.2d 173 (1969). *See also Dubnick v. Firestone Tire and Rubber Co. of California*, 355 F.Supp. 138, 140 (E.D.N.Y.1973). Since alternative [4] is not applicable to the present case, the Court is left to analyze alternative [1].

■ Because Allen contends that the wage and hour discrimination against her in Michigan resulted from the insertion of derogatory material in her file in Kansas, the Court must determine in which of these two districts the unlawful employment practice "is alleged to have been committed." 42 U.S.C. § 2000e–5(f). Bolger contends an unlawful employment practice is alleged to have been committed in each district: the improper insertion of the ma-

terial in Kansas and the improper use of the material in Michigan. Allen's position apparently is that the Michigan wrongdoing was unwitting and would not have occurred but for the acts in Kansas. Thus, according to plaintiff, the seemingly discrete acts of wrongdoing are inextricably interrelated. Since Allen contends that the unlawful practice was committed in Kansas and that subsequent events in Michigan were merely effects of that original unlawful practice, the Court finds that venue is proper in this district under the terms of alternative [1].

IT IS THEREFORE ORDERED that Bolger's motion to dismiss is hereby denied.