Jose Luis ARROCHA, Plaintiff,

v.

The PANAMA CANAL COMMISSION, Dennis McAuliffe, Administrator: William Crews, Atlantic Area Commander of the Panama Canal Commission, Defendants.

No. 83 Civ. 4520.

United States District Court, E.D. New York.

May 20, 1985.

Mona N. Glanzer, Rains & Pogrebin, P.C., Mineola, N.Y., for plaintiff.

Asst. U.S. Atty. Janice Siegel, E.D.N.Y., Brooklyn, N.Y., for defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

This unusual case concerns the venue provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and raises the question of where venue may lie when none of the provisions of that venue statute may be strictly applied to the case at bar. In this action, defendant Panama Canal Commission,[1] as well as defendants McAuliffe and Crews, in their official capacities,[2] have moved to dismiss this action or to transfer venue to the United States District Court for the District of Columbia. For the reasons that follow, defendants' motion is granted insofar as it requests that the action be transferred pursuant to 28 U.S.C. § 1406(a).[3]

---

1. Pursuant to 42 U.S.C. § 2000e–16(c), the "head of the department, agency,. or unit, as appropriate, shall be the defendant" in a Title VII action. It therefore appears that the Panama Canal Commission has been improperly joined as a named defendant. For purposes of this motion, however, the three named defendants shall be referred to in the text of this opinion.

2. Defendants McAuliffe and Crews have also filed a separate motion seeking dismissal of this action against them in their *individual* capacities. In that motion, McAuliffe and Crews urge that dismissal is proper based on lack of personal jurisdiction, improper venue, insufficient service of process and failure to serve the complaint in the manner prescribed by Fed.R.Civ.P. 4(j). At this time that motion has not yet been fully briefed or argued by the parties. However, these circumstances do not prevent me from transferring this action pursuant to 28 U.S.C. § 1406(a). *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962) (§ 1406 will authorize a transfer of venue "whether the court in which it was filed had personal jurisdiction over the defendants or not").

3. Section 1406(a) of Title 28 of the United States Code provides:

The district court of a district in which is filed·a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

## Background

Plaintiff, a New York resident[4] and a former employee of the defendant Commission, brings this action pursuant to Title VII, *supra*, and 42 U.S.C. § 1981 alleging that defendants unlawfully discriminated against him on the basis of race. He also claims that defendants violated the right to free speech guaranteed him under the First Amendment to the United States Constitution, in that defendants allegedly retaliated against him due to statements he made to the press.[5]

For purposes of the motion now before me, it is relevant to note that defendants' allegedly unlawful employment practices all took place in the Republic of Panama, which is also the location of any employment records relevant to those practices. Additionally, it is conceded that but for defendants' allegedly unlawful acts, plaintiff would have worked in Panama. Finally, the "principal office" of the defendant Commission is located in Panama. 35 C.F.R. § 9.2. The only offices of the Commission located in the United States are the office of the Secretary of the Commission in Washington, D.C.[6] and a procurement office in New Orleans, Louisiana. *Id.*

The factual backdrop to this action is further complicated by developments arising from the enactment of the Panama Canal Treaty of 1977, T.I.A.S. No. 10030, between the United States and the Republic of Panama. Pursuant to Article XI, ¶ 5 of the Treaty, the United States District Court of the Canal Zone was abolished as of April 1, 1982.[7] The implications of that event will be discussed further in the following section.

---

**4.** It is unclear from the record whether plaintiff's legal residence for purposes of jurisdiction and venue is, in fact, New York. However, for the purposes of this motion it will be assumed to be so.

**5.** Plaintiff also originally sought relief based on the Fifth and Fourteenth Amendments to the Constitution, but withdrew these claims at oral argument. In this motion, defendants also seek to dismiss plaintiff's § 1981 and constitutional claims based on the authority of *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), and 28 U.S.C. § 2680(k). Because I find that venue is improper in this district, however, I will not address the merits of those aspects of defendants' motion, but will leave them for consideration by the transferee court.

**6.** The Declaration of Dennis P. McAuliffe, dated March 8, 1985, which was submitted in support of the instant motion, indicates at ¶ 4 that the Washington, D.C. office of the Commission is under the supervision of the Secretary of the Panama Canal Commission, whose responsibilities include:

(a) Participating in the development and establishment of Commission policy;

(b) Providing staff assistance to the Chairman and individual members and committees of the nine-member Board of the Commission;

(c) Overseeing official communications from Commission units to Board members, including maintenance of the Board's official files; and

(d) Representing the Commission in the United States in matters which include liaison with departments and agencies of the United States Government, intermediary responsibilities with the United States Congress, and responding to shipping interests and to members of the general public concerning the organization of the agency and the operation of the Panama Canal.

The nine-member Board of the Panama Canal Commission, which exercises general supervisory authority over all the affairs of the agency, maintains no principal office within or without the United States. The business of the Board is, however, coordinated through the Secretary of the Panama Canal Commission in Washington, D.C.

**7.** The only statutes specifically addressing actions which would have been brought in the district court of the Canal Zone are § 3771 and § 3776 of the Panama Canal Act, 22 U.S.C. §§ 3601–3871 (1979), which permit an action for damages arising from injuries occurring in the canal locks to be filed in the Eastern District of Louisiana. The Act does not specify where any other type of action against the Commission or its representatives should be commenced. Although Congress apparently considered passing a bill which would authorize the transfer of all actions pending in the Canal Zone on the date when the district court there ceased to exist, that bill apparently never left its committee. *Egle v. Egle*, 715 F.2d 999, 1012 & n. 19 (5th Cir.1983). *See also infra* note 9.

*Discussion*

■ At issue here is the applicability of 42 U.S.C. § 2000e–5(f)(3), the venue provision of Title VII. That portion of the statute provides that suit may be brought

... in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, *but if the respondent is not found within any such district,* such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

(emphasis added). In determining proper venue under this statute, a court must first look to the situs of any one of the first three criteria set forth in § 2000e–5(f)(3). The court may look to the district in which the employer's principal office is located *only* if venue cannot be laid in one of the other three possible districts specified in the statute. *See, e.g., Allen v. Bolger,* 597 F.Supp. 482, 485 (D.Kan.1984); *Katz v. Lewis,* 26 F.E.P. Cases 1402, 1403 (D.D.C. 1981). This is so because the "principal office" portion of the venue provision in Title VII was enacted to cover the "rare case" when the employer could not be found in one of the other three districts. 110 Cong.Rec. 12723. Moreover, the venue provision has been held to demonstrate Congress' clear intent "to limit venue to the judicial districts concerned with the alleged discrimination[.]" *Stebbins v. State Farm Mutual Automobile Ins. Co.,* 413 F.2d 1100, 1102 (D.C.Cir.), *cert. denied,* 396 U.S. 895, 90 S.Ct. 194, 24 L.Ed.2d 173 (1969).

As noted *supra,* it is undisputed that Panama is the jurisdiction within which de-fendants' alleged unlawful practices took place, where the relevant records are kept and in which plaintiff allegedly would have been employed but for defendants' acts. Thus, the only district in which venue is proper is that in which the Commission has its "principal office." The precise issue raised by this motion thus crystallizes: because the Commission's principal office is indisputably located in Panama, where the federal district court no longer exists, within what district should this action proceed?

Defendants contend that the venue provision of Title VII must be read expansively, to permit venue to lie in the defendant's principal office *within the United States.* Thus, defendants urge that venue is proper in the District of Columbia, where the office of the Secretary of the Commission is located.

■ Plaintiff, however, urges that because the venue provisions of Title VII cannot be applied literally to the circumstances of this case, venue in this action should be governed not by § 2000e–f(5)(3), but by a portion of the general venue statute, 28 U.S.C. § 1916(e). That statute provides in relevant part:

A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States ... may, *except as otherwise provided by law,* be brought in any judicial district in which ... (4) the plaintiff is involved in the action.

(emphasis added). Plaintiff therefore urges that venue is proper in the Eastern District of New York under § 1391(e) based on plaintiff's residence. *But see* note 4, *supra.*

Plaintiff's claim that § 1391(e) should govern venue in this action must fail, however, because it is well settled that claims brought under Title VII are strictly governed by 42 U.S.C. § 2000e–5(f)(3). *See, e.g., Stebbins v. State Farm Mutual Automobile Ins. Co., supra,* 413 F.2d at 1102–03; *Templeton v. Veterans Administration,* 540 F.Supp. 695, 696–7 (S.D.N.Y.

1982); *Matthews v. Trans World Airlines, Inc.,* 478 F.Supp. 1244, 1245 (S.D.N.Y. 1979); *Chaves v. Norton,* 18 F.E.P. Cases 1705 (D.P.R.1978). It is abundantly clear that there is no basis under § 2000e–5(f)(3) for venue in the Eastern District of New York; however, the absence of a district court in Panama precludes me from transferring this action to that forum.

I am persuaded, however, that under the peculiar circumstances of this case, this action should be transferred to the District of Columbia. Defendants have set forth two bases of authority which support such a transfer. First is the decision of Learned Hand in the case of *Stewart v. Pacific Steam Navigation Co.,* 3 F.2d 329 (S.D.N.Y.1924). There the plaintiff sought to sue a foreign corporation under the Jones Act, 46 U.S.C. § 688, which contains an exclusive venue provision stating that "[j]urisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."[8] 46 U.S.C. § 688. If construed literally, this provision would have prevented American plaintiffs from invoking the protections of the Jones Act where the defendant was a foreign corporation.

In interpreting the statute so as to permit American seamen plaintiffs the "protection which the act was meant to give them when serving on foreign ships," Judge Hand read the phrase "in which its principal office is located" to "clearly mean 'in which the principal office of the foreign steamship company is located *within the United States.*'" 3 F.2d at 330 (emphasis added). Furthermore, the *Stewart* court held that "[i]t is no strain on that language to interpret it in th[at] way." *Id.* at 330. Utilizing that expansive interpretation, it would, of course, still be necessary for the foreign corporation to carry out "a certain amount of business ... within the United States in order to get any personal jurisdiction." *Id.* Applying the *Stewart* court's analysis to the instant case, venue would be proper in the District of Columbia.

The defendants' position here is also bolstered by the recent unpublished decision in *Robles v. United States,* No. L–83–97 (S.D.Tex. Nov. 13, 1984), a case which is identical with this one. In that case the plaintiff, a United States citizen domiciled in Panama, brought suit in Texas under Title VII. Raising the question of jurisdiction *sua sponte,*[9] the district court

**8.** Although this portion of the Jones Act refers to jurisdiction, it was construed by the *Stewart* court as a venue provision. 3 F.2d at 329. To the same effect, *see DeMateos v. Texaco, Inc.,* 562 F.2d 895, 899 (3d Cir.1977), *cert. denied,* 435 U.S. 904, 98 S.Ct. 1449, 55 L.Ed.2d 494 (1978) (*citing Panama R. Co. v. Johnson,* 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748 (1924).

**9.** As indicated *supra* at note 7, following enactment of the Panama Canal Treaty of 1977 and the Panama Canal Act of 1979, the United States waived immunity from suit only as to claims arising from injuries occurring in the canal locks. 22 U.S.C. § 3771. The *Robles* court noted that fact and added:

Congress also provided for creation of the Panama Canal Employment System, to be based on the consideration of the merit of each employee and the qualifications and fitness of the employee to hold his position. 22 U.S.C. § 3652. The Panama Canal Board of Appeals was created to review and determine appeals of employees from adverse decisions concerning their position, grade or pay level. *Id.,* §§ 3661, 3662. The decision of the Board

on any appeal "is final and conclusive." § 3662(d). It is at least arguable that these provisions preclude any other employment claims in the federal courts. Nevertheless, the E.E.O.C. did consider the Plaintiff's claim in this case and the Defendants take the position that the Plaintiff "is entitled to the protections" afforded by both Title VII and ADEA. *Even if jurisdiction exists,* there is a serious venue question.

Slip op. at 2 (emphasis added). Of course, a district court may only transfer an action if it has jurisdiction over the subject matter of the suit. *See* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure,* § 3827 at 170 (1976). However, as indicated by the language highlighted above, the *Robles* court did not clearly determine the existence of subject matter jurisdiction.

In the instant case, as in *Robles,* the EEOC also considered plaintiff's case and the defendants also contend that Title VII is applicable to plaintiff:

Title VII was unquestionably designed by Congress to give victims of unlawful discrimination in employment "substantive rights and a federal forum for their vindication." *Dub-*

236

transferred the action to the District of Columbia in circumstances identical to those presented in this case. The court stated:

> While it is doubtful that [the Washington office of the Commission] is the principal office of the Commission, ... it is apparently at least the principal office in the United States.

Plaintiff asks that in lieu of dismissal, the case be transferred to the District of Columbia. Considering the unusual facts in this case, including the Defendants' insistence that Plaintiff is protected by Title VII and that there is no forum existing in Panama, the Court concludes that the proper disposition of the pending motion would be to grant a change of venue to the District Court for the District of Columbia.

*Id.,* slip op. at 3.

■ The "unusual facts" of this case are identical to those present in *Robles*. Venue is clearly improper in this district, and based upon the authorities set forth above, I find that this action should be transferred to the District of Columbia.

### Conclusion

For the reasons set forth above, defendants' motion to transfer this action to the United States District Court for the District of Columbia is granted pursuant to 28 U.S.C. § 1406(a).

*nick v. Firestone,* 355 F.Supp. [138 (E.D.N.Y. 1973)] at 141–42. It is arguably inconsistent with Congressional intent to deny entirely an allegedly aggrieved employee of the United States such a forum.
Defendants' Memorandum of Law at 8.

I find that nothing in 22 U.S.C. § 3662, which states that a decision by the Panama Canal Board of Appeals is "final and conclusive," precludes an action under Title VII. The statute (§ 3662) does not state that its remedy is exclusive; furthermore, "the legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes." *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 49, 94 S.Ct. 1011, 1020, 39 L.Ed.2d 147 (1973) (footnote omitted).