4 F.3d 984
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George J. FOXX, Plaintiff-Appellant,
v.
H. Lawrence GARRETT, III, Secretary, Department of the Navy,
Defendant-Appellee.
 No. 92-2276.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 12, 1993.
Decided: September 1, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CA-92-297)
 Howard Jay Shifke, Tampa, Florida, for Appellant.
 Richard Parker, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 Lisa D. Sinrod, Alexandria, Virginia, for Appellant.
 Kenneth E. Melson, United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 George J. Foxx appeals an order granting the Secretary of the Navy's alternative motion to dismiss/motion for summary judgment on Foxx's three-count action for alleged violations of 42 U.S.C. Sec. 2000e-16 (Title VII) and his due process rights as secured by 5 U.S.C. Sec. 4303 and the Fifth Amendment. Reviewing the district court's decision de novo with respect to both the summary judgment on Counts I and II, Jackson v. Kimel, 992 F.2d 1318, 1322 (4th Cir. 1993), and the Rule 12(b)(6) dismissal of Count III, Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991), cert. denied, U.S., 112 S.Ct. 1475 (1992), we affirm.
 
 
 2
 Foxx is a black Vietnam-era Navy veteran who had worked for the U.S. Civil Service for over thirteen years when, in 1989, he was offered a management-level position at a Naval station in Panama. He alleged that the offer came by telephone from one Lt. Cdr. K. C. Purdy and that it was accompanied by a promise of a promotion after six months' service. Foxx accepted the offer and worked the Panama job for approximately nine months.
 
 
 3
 During that time he allegedly suffered racial discrimination at the hands of Navy personnel. He claimed that this mistreatment culminated when the Navy not only failed to promote him as promised but instead fired him, allegedly for falsifying a travel voucher. Although Foxx received a notice of intent to discharge stating that no final action would occur for 30 days, his appointment was revoked and he was removed from federal service just eight days later. J.A. 13, 16, 132.
 
 
 4
 On Foxx's request for reconsideration, Commander R. A. Kelly affirmed his decision to discharge. That decision was upheld on serial appeals to an Administrative Law Judge of the Merit Systems Protection Board and to the Equal Opportunity Commission's Office of Review and Appeals. Both expressly rejected Foxx's contention that his discharge was motivated by discriminatory animus, and found that he had filed the travel voucher with fraudulent intent. J.A. 103, 137.
 
 
 5
 Instead of appealing that final administrative decision in federal court as was his right, 5 U.S.C. Sec. 7703(b)(2), Foxx brought the instant, independent action and sought a jury trial on each of his three claims. See id. Sec. 7702(e); H.R. Rep. No. 1717, 95th Cong., 2d Sess. 141 (1978) (conference report), reprinted in 1978 U.S.C.C.A.N. 2723, 2874 ("[t]he conference substitute fully protects the existing rights of employees to trial de novo under title [sic] VII of the Civil Rights Act of 1964"). Counts I and II allege violations of Title VII, alleging that both the failure to promote and the discharge resulted from race discrimination. Count III alleged violations of due process rights secured by 5 U.S.C. Sec. 4303 and the Fifth Amendment in the failure to afford Foxx proper pretermination notice of, and opportunity to respond to, the charges against him.
 
 
 6
 After studying the briefs and the summary judgment record and hearing oral argument, we affirm the judgment on the reasoning of the district court, Foxx v. Garrett, No. 92-297-A (E.D.Va. Sept. 9, 1992) (memorandum opinion), with the following modifications. With respect to the failure-to-promote claim in Count I, our review of the record shows that Foxx failed to raise a genuine issue of fact regarding a key element of his prima facie case. Wright v. National Archives & Records Service, 609 F.2d 702, 714 (4th Cir. 1979) (requiring proof that position remained available by promotion to equally qualified persons after complainant's application is rejected). Consequently, there was no need to consider the Navy's defense to that claim-i.e., its contention that the falsified voucher was a legitimate, nondiscriminatory reason for denying a promotion that was allegedly due several months prior to the voucher's filing. See Foxx, mem. op. at 8 (dismissing Count I on that basis).
 
 
 7
 With respect to Count III, the court reasoned that Foxx's failure to raise the procedural issues "below" barred their consideration pursuant to his separate and distinct due process claim. Id. at 9. In support, the court cited cases involving direct appeals of MSRB decisions rather than actions such as Foxx's brought subsequent to, but independently of the administrative process. Id. (citing Allred v. Department of Health and Human Services, 786 F.2d 1128, 1130 (Fed. Cir. 1986); Meglio v. Merit Systems Protection Bd., 758 F.2d 1576, 1577 (Fed. Cir. 1984)). We affirm the dismissal of Count III on the alternative ground that the Civil Service Reform Act provides an adequate remedy for the conduct complained of. Bush v. Lucas, 462 U.S. 367 (1983); Pinar v. Dole, 747 F.2d 899 (4th Cir. 1984), cert. denied, 471 U.S. 1016 (1985).
 
 AFFIRMED