George J. FOXX, Plaintiff,

v.

John H. DALTON, Secretary
of the Navy, Defendant.

No. 98–1043–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

April 14, 1999.

**1270**

George J. Foxx, Tampa, FL, pro se.

Steven A. Nisbet, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, for defendant.

### ORDER ON MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR CHANGE OF VENUE

KOVACHEVICH, Chief Judge.

This cause is before the Court on the Motion to Dismiss of Defendant Department of the Navy (Dkts.8–9), which seeks to dismiss all six counts of Plaintiff's Complaint. Alternatively, Defendant's motion seeks a change of venue from the Middle District of Florida to the Eastern District of Virginia. Plaintiff named Secretary of the Navy, John Dalton, as the head of the Department in accordance with 42 U.S.C.A. § 2000e–16. Plaintiff filed a Response to Defendant's Motion (Dkt.10).

### STANDARD OF REVIEW

A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the Plaintiff's Complaint to determine whether it sets forth sufficient allegations to establish a claim for relief. Under *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), a district court should not dismiss a complaint for failure to state a claim solely on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." Additionally, when deciding a motion to dismiss, a court must accept the truthfulness of well-pleaded facts and resolve them in the light most favorable to the Plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see also Beck v. Deloitte et al.*, 144 F.3d 732, 735–36 (11th Cir.1998) (quoting *St. Joseph's Hosp. Inc. v. Hospital Corp. of America, et al.*, 795 F.2d 948 (11th Cir.1986)).

Plaintiff is pursuing his claim pro se. As such, his pleadings are held to a less stringent standard than those of an attorney. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998). However, "this leniency does not give court license to serve as de facto counsel for party, *see Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.1991), or to rewrite an otherwise deficient pleading in order to sustain action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998). Using this standard, the Court turns to the consideration of the claims asserted.

### BACKGROUND

The following allegations, taken from the Complaint and its attached exhibits, are considered true for the present purpose of deciding whether to dismiss Plaintiff's Complaint. *See Beck*, 144 F.3d at 735.

Plaintiff, George J. Foxx was a vested employee of Defendant Department of the Navy (Navy), from 1972 to 1990. While employed with the Navy, Plaintiff was offered a position as a Supervisory Computer Programmer Analyst at the U.S. Naval Station Panama Canal. Plaintiff alleges that this offer was proposed to him over the phone by one Lt. Cdr. K.C. Purdy, and was accompanied by a promise of promotion after six months service. Plaintiff accepted the offer and worked in Panama for a total of nine months before his discharge.

While working at the Naval station, Plaintiff allegedly experienced racial discrimination directed towards him by Navy personnel. The discrimination came to a head when Plaintiff was fired for allegedly filing a false travel voucher. Although Plaintiff received notice of the Navy's intent to discharge him, with no final action to occur for 30 days, he was removed just

four days later. In addition, Plaintiff was forced off the station property by the threat that he must "leave by sundown or be arrested." (Compl.¶ 14.) As such, Plaintiff was left without transportation to the airport at a time when there were safety restrictions on travel.

Plaintiff further contends that the Navy repeatedly refused to forward his personal and household belongings following his dismissal. Moreover, when Plaintiff finally received his property eighteen months later, he found that it had incurred more than $14,000 worth of damage.

Plaintiff contends that he also was promised an award for his participation in "Operation Just Cause." However, he never received this award, allegedly for discriminatory reasons. Additionally, Plaintiff asserts that the Navy withheld documents and intentionally misrepresented information in violation of his federal rights.

After his discharge, Plaintiff requested reconsideration. The decision to discharge was affirmed by Commander R.A. Kelly. Upon a series of appeals to an Administrative Law Judge of the Merit Systems Protection Board and the Equal Opportunity Commission's Office of Review and Appeals, Plaintiff's claim of discharge involving discriminatory animus was repeatedly dismissed.

Instead of appealing the final administrative decision in a federal court, Plaintiff sought a trial de novo on all his claims as was his right under 5 U.S.C. § 7703(b)(2) (Foxx II). *See Foxx v. Garrett,* No. 92-2276, 1993 WL 336095, at *1 (4th Cir.1993) (unpublished decision) (Foxx III). Counts I and II of this action alleged violations of Title VII with respect to a racially motivated discharge and failure to promote. *See id.* "Count III alleged violations of due process rights secured by 5 U.S.C. § 4303 and the Fifth Amendment in the failure to afford Plaintiff proper predetermination notice of, and opportunity to respond to, the charges against him." *Id.* The dismissal of all claims asserted in Plaintiff's Complaint was affirmed by the Fourth Circuit in Foxx III. *See id.*

Subsequent lawsuits were filed by Plaintiff with regard to alleged debts surrounding a breach of a transportation agreement. In *Foxx v. Secretary of the Navy,* No. 94-660-A (E.D.Va. filed Aug. 8, 1994) (Foxx IV) and *Foxx v. Secretary of the Navy,* No. 94-661-A (E.D.Va. filed Aug. 8, 1994) (Foxx V), the suits were "dismissed without prejudice to [P]laintiff's right to seek redress in an administrative or judicial forum other than this Court." The final lawsuit pertaining to the transportation agreement was *Foxx v. United States,* No. 94-507 C (Fed.Cl. filed May 8, 1996) (Foxx V). A Stipulation for Entry of Judgment was entered on May 2, 1996. This Stipulation provided for a payment of $4,000, to Plaintiff and included an agreement not to pursue claims arising from the transportation agreement in any other judicial or administrative forum.

Plaintiff then filed a Complaint with the Defendant agency on June 5, 1996. Additionally, Plaintiff requested reconsideration of the EEOC's 1991 decision in April of 1996. After a series of appeals, Plaintiff's request was ultimately ended by the denial of his final request for reconsideration dated May 7, 1998. Plaintiff filed the present suit in the Middle District of Florida on May 13, 1998.

■ Plaintiff's allegations in the present Complaint are ambiguous; therefore, it is necessary to delineate the claims. Under *Downing v. New Mexico State Supreme Court,* 339 F.2d 435, 436 (10th Cir.1964), a liberal construction of the pleadings is called for when drafted by a layperson. Plaintiff's Complaint alleges as follows:

Count I

1. Wrongful discharge (1990) (Compl.¶ 12.)

2. Defendant placed in eminent danger (1990) (Compl.¶ 13.)

3. Failure to follow procedure in termination of Plaintiff (1990) (Compl. ¶ 14.)

4. Refusal to forward Plaintiff's household goods and subsequent damage thereto as acts of reprisal (1990–91) (Compl. ¶ 15.)

5. Discriminatory refusal to deliver award to Plaintiff for participation in "Operation Just Cause." (1990) (Compl. ¶ 16.)

6. Racial discrimination and disparate treatment while working for Defendant (1990) (Compl. ¶ 17.)

7. Refusal to award promised promotion to Plaintiff (1990) (Compl. ¶ 18.)

8. Destruction and inhibition of 401 compelled documents (1989–90) (Compl. ¶ 19.)

9. Destruction and inhibition of transportation agreement (1994–96) (Compl. ¶ 19.)

10. Intentional misrepresentation of material information (1990) (Compl. ¶ 20.)

Count II

1. Allegation that Defendant did not conduct a complete and fair investigation of the Complaint as required under 29 C.F.R. §§ 1614.106(d)(2), 1614.110, 1614.108(b), and 1614.108(c)(3) (1996) (Compl. ¶ 24.)

2. Final decision by Defendant was not on the merits (1996) (Compl. ¶ 24.)

Count III

1. Defendant conspired to breach settlement agreements by claiming res judicata before a lawful authority (1996) (Compl. ¶ 28.)

2. Failure to comply with Court's order and refusal of presentation by Plaintiff of compromise settlement agreement (1994) (Compl. ¶ 29.)

Count IV

1. Conspiracy to interfere with a claim before the EEOC (1996) (Compl. ¶ 31.)

Count V

1. Obstruction of Plaintiff's right under 29 C.F.R. § 1614.109 to a hearing (1996) (Compl. ¶ 34.)

Count VI

1. Errors and omissions and misapplication of facts based on deceitful acts of the Defendant (1997–98) (Compl. ¶ 38–41.)

MOTION TO DISMISS

A. Res Judicata

Defendant moves to dismiss Plaintiff's Complaint under the doctrine of res judicata. *See Cromwell v. Sac County,* 94 U.S. 351, 24 L.Ed. 195 (1876). Defendant asserts that all issues raised in Count I of the Complaint were the subject of Foxx II and III and in subsequent suits before the Court of Federal Claims (Foxx V).

Plaintiff argues against res judicata by alleging that Defendant lied to and deceived the Eastern District of Virginia and the Fourth Circuit. Additionally, Plaintiff provides a 1990 determination by the Florida Department of Labor and Employment Security, Division of Unemployment Compensation, that Plaintiff's discharge (in Panama) was for reasons other than misconduct.

Plaintiff also quotes the Court's determination in Foxx I to transfer venue instead of dismissing. From this, Plaintiff draws that the Court "had a clear vision of the facts of the case and determined [P]laintiff['s] case had merit indeed and **DENIED dismissal.**" (Pl's.Resp.Mot. to Dismiss. at 7.) Plaintiff submits that dismissal and summary judgment were entered in favor of the Defendant in Foxx III, and were affirmed by the Fourth Circuit in Foxx IV, but asserts that Court did not see the depth of the Defendant's deceit. These arguments go towards a factual determina-

tion rather than the Motion for res judicata that is at issue at the present time.

Regarding the transportation of his belongings from Panama, Plaintiff restates the arguments presented in his brief. In sum, Plaintiff contends that the defendant was guilty of "deceit, gross disingenuousness, and obstruction while violating [P]laintiff's civil, due process, and procedural rights and being disingenuous before the law and lawful authority." *Id.* at 10–11. Plaintiff similarly argues past factual allegations in response to Defendant's contention of res judicata against the transportation agreement issue. *See id.* at 11–12.

■ According to the doctrine of res judicata, "a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." *See Cromwell*, 94 U.S. at 352. The doctrine of res judicata bars a subsequent suit if four elements are present: (1) a final judgment on the merits; (2) judgment was rendered by a court of competent jurisdiction; (3) identical parties in both cases; and (4) the same cause of action in both cases. *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir.1989). Additionally, res judicata prevents parties from relitigating issues that were raised or could have been raised in a previous action. *See Federated Dept. Stores v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Kelly v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 985 F.2d 1067, 1070 (11th Cir.1993). However, "claims that could have been raised" are those "in existence at time original complaint is filed or claims actually asserted by supplemental pleadings or otherwise in earlier action." *Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir.1992) (quoting *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir.1990)). Whether a cause of action is the same as a previous action is to be determined by looking to the "operative nucleus of fact." *Olmstead v. Amoco Oil Co.*, 725 F.2d 627, 632 (11th Cir.1984). A judgment dismissing a suit "with prejudice" bars a later suit on the same cause of action. *See Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955) (citing *United States v. Parker*, 120 U.S. 89, 95, 7 S.Ct. 454, 30 L.Ed. 601 (1887) and *United States v. International Bldg. Co.*, 345 U.S. 502, 506, 73 S.Ct. 807, 97 L.Ed. 1182 (1953)).

Counts I and II of the Foxx I suit, brought under Title VII, alleged both the failure to promote and discharge resulting from racial discrimination. These two Counts were subject to summary judgment. *See Foxx v. Garrett*, No. 92–2276, 1993 WL 336095, at *1 (4th Cir.1993) (documenting judgment and arguments of district court); *see also Jackson v. Kimel*, 992 F.2d 1318 (4th Cir.1993) (stating basis for summary judgment by district court). Count III alleged violations of 5 U.S.C. § 4303 and the Fifth Amendment for failure to afford Plaintiff proper notice of, and opportunity to respond to, charges against him. Count III was dismissed under 12(b)(6). *See Foxx v. Garrett*, No. 92–2276, 1993 WL 336095, at *1 (4th Cir. 1993); *see also Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir.1991), *cert. denied*, 503 U.S. 936, 112 S.Ct. 1475, 117 L.Ed.2d 619 (1992) (containing rationale for dismissal of Foxx's complaint). After reviewing the district court's findings de novo, the Fourth Circuit affirmed the trial court's judgment on September 1, 1993. *See Foxx v. Garrett*, No. 92–2276, 1993 WL 336095, at *1 (4th Cir.1993).

■ Plaintiff sought judgment through the court system in Foxx II and Foxx III as to his Title VII claim. This claim was not only subject to summary judgment in Eastern District of Virginia, but was affirmed by the Fourth Circuit in 1993. Further, Plaintiff has named the Department of the Navy as Defendant in both actions. Finally, Plaintiff asserts Title VII employment discrimination/retaliation claims in Foxx I, Foxx II, and in Count I of the present Complaint. *See generally Thomas*, 880 F.2d at 1240 (stating the four requirements for a holding of res judica-

ta). As all allegations involve the same "nucleus of operative fact" as required by *Olmstead v. Amoco Oil Co.,* Count I of Plaintiff's Complaint is dismissed with the exception of paragraph 19 which deals with a subsequent act. *Olmstead,* 725 F.2d at 632.

This paragraph 19 act concerns the destruction and inhibition of the transportation agreement. On May 2, 1996, Foxx V (Federal Claims Court decision) was settled pursuant to a "Stipulation for Entry of Judgment" that provided Plaintiff with a payment of $4,000 and included a promise not to pursue claims arising from the transportation agreement in any judicial or administrative forum. *See Foxx v. United States,* No. 94–507 C ¶¶ 7–8 (Fed.Cl. filed May 8, 1996). As such, paragraph 19 is also dismissed under the doctrine of res judicata.

 Foxx II was decided in 1993. Its factual basis centered on both a Title VII employment discrimination claim and the Defendant's failure to afford Foxx the proper opportunity to respond to the charges against him. *See Foxx v. Garrett,* No. 92– 2276, 1993 WL 336095, at *1 (4th Cir.1993). However, Counts II through VI and paragraph 19 occurred after this decision. Moreover, while these allegations stem from the same basic factual scenario, they should not be subject to dismissal as they constitute subsequent wrongs by the Defendant. *See Blair v. City of Greenville,* 649 F.2d 365, 368 (5th Cir.1981) (citing J.W. Moore & T.S. Currier, Moore's Federal Practice 621, et seq. (1980)). A subsequent wrong constitutes a new cause of action. *See Blair,* 649 F.2d at 368 (citing *Lawlor,* 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122; *Exhibitors Poster Exchange, Inc. v. National Screen Serv. Corp.,* 421 F.2d 1313 (5th Cir.1970); *Cream Top Creamery v. Dean Milk Co.,* 383 F.2d 358 (6th Cir.1967)). Therefore, Defendant's Motion to Dismiss as it pertains to Counts II through VI is denied.

**B. 1996 Complaint Untimely**

Defendant asserts that, to the extent Plaintiff might have an employment discrimination (wrongful dismissal) claim that is not precluded by res judicata, Plaintiff's failure to exhaust administrative remedies in a timely manner warrants dismissal of the lawsuit. Defendant claims that in the present case Plaintiff waited more than six years before contacting a EEO counselor.

 It is well settled that a federal employee must exhaust all his or her administrative remedies before pursuing an employment discrimination complaint in federal court. *See* 42 U.S.C. § 2000e– 16(c); *Brown v. General Serv. Admin.,* 425 U.S. 820, 832, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Wade v. Secretary of the Army,* 796 F.2d 1369 (11th Cir.1986). This requirement includes 29 C.F.R. § 1614.105(a)(1), which mandates that a plaintiff to an employment discrimination claim initiate contact with a counselor within forty-five days of the alleged discriminatory act. Failure to meet this requirement mandates dismissal for failure to state a claim upon which relief may be granted. *See Manning v. Carlin,* 786 F.2d 1108, 1109 (11th Cir.1986); *Oaxaca v. Roscoe,* 641 F.2d 386, 391–92 (5th Cir.1981).

 Defendant asserts that Plaintiff failed to exhaust his administrative remedies because he waited more than six years to contact an EEO counselor. However, Defendant provides nothing in support of this claim. In contrast, the record presents a chain of appeals to the EEOC that fit within the guidelines provided to Plaintiff in the letters sent by the EEOC. The January 13, 1991 decision states that Plaintiff timely initiated a petition before the EEOC for the review of the initial decision by the Merit Systems Protection Board (MSPB) dated October 11, 1990. After concurring with the MSPB's decision, the EEOC informed Plaintiff of the conclusiveness of its decision. The opinion also stated that Plaintiff could file a civil action in the appropriate U.S. District

Court within thirty days. Instead of appealing the final administrative decision, Plaintiff sought a trial de novo under Title VII as was his right. *See Foxx v. Garrett,* No. 92–2276, 1993 WL 336095, at *1 (4th Cir.1993).

Defendant provides the bare assertion that Plaintiff has waited more than six years to contact an EEO counselor. The Court cannot find Defendant's basis for this argument in the record. The record indicates that Plaintiff did exhaust his administrative remedies, even to the extent of petitioning for reconsideration in 1996 and 1997 when efforts were fruitless. To this extent, Defendant's argument that the 1996 Complaint is untimely is denied.

## MOTION FOR CHANGE OF VENUE

Defendant moves in the alternative for a change of venue, stating that proper venue is in the Eastern District of Virginia as governed by 42 U.S.C.A. § 2000e–5(f)(3). This provision under the Civil Rights Act of 1964 states, in pertinent part, that:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principle office.

42 U.S.C.A. § 2000e–5(f)(3).

Title VII states in 42 U.S.C.A. § 2000e–16(d) that "section 2000e–5(f) through (k) of this title, as applicable, shall govern" employment discrimination claims. Defendant points out that the "shall govern" language in section 2000e–16(d) is mandatory under *Bolar v. Frank,* 938 F.2d 377, 379 (2nd Cir.1991).

Plaintiff contends that venue is proper in the Middle District of Florida because of previous compromise agreements entered into under the jurisdiction of the Eastern District of Virginia. The two orders from this district, *Foxx v. United States,* No. 94–660–A (E.D.Va. filed Aug. 8, 1994) and *Foxx v. United States,* No. 94–66–A (E.D.Va. filed Aug. 8, 1994), directed that the case be "dismissed without prejudice to [P]laintiff's right to seek redress in an administrative or judicial forum other than this Court." From this, Plaintiff asserts that it is unambiguous that Plaintiff would not return to that venue. However, the Court finds that this is an improper interpretation of the language. Plaintiff states that the two Orders listed above were agreed to so as to allow Plaintiff a chance to address other issues that were not before the Eastern District. (Pl's.Resp.Mot. to Dismiss. at 3.) In light of this, the more plausible reading of this language is not that the Plaintiff is barred from returning to the Virginia court, but that Plaintiff is not barred by prejudice in seeking relief outside the Eastern District's jurisdiction.

It was the clear intent of Congress to allow lawsuits such as these to only be brought in districts that are concerned with the alleged employment discrimination. *See Stebbins v. State Farm,* 413 F.2d 1100 (D.C.Cir.1969); *Equal Employment Opportunity Comm'n v. Parish Water Work's Co., Inc.,* 415 F.Supp. 124 (E.D.La.1976) (stating that Congress did not intend to give plaintiffs absolute control over choice of forum among possible alternatives set forth in Title VII); *Trujillo v. Total Bus. Sys., Inc.,* 704 F.Supp. 1031, 1032 (D.Colo.1989) (explaining Congress' narrowing of venue for Title VII actions); *Arrocha v. Panama Canal Commission,* 609 F.Supp. 231 (E.D.N.Y.1985) (adopting the rationale in Stebbins, 413 F.2d at 1102, and holding that Title VII

claims are strictly governed by the venue provision); *Dubnick v. Firestone Tire & Rubber Co.,* 355 F.Supp. 138 (E.D.N.Y. 1973) (holding that Congress clearly and precisely provided for venue. "[E]conomic necessity of plaintiffs in this type of case and the hardship of litigating this case in a court 3000 miles away . . . are arguments more properly directed to Congress.").

■ In the case at bar, the alleged employment discrimination occurred in Panama. Panama is also the place where the relevant employment records are maintained and administered. Finally, if Plaintiff was still working for the Defendant, he would be working in Panama. However, there is no appropriate district court in this geographic area. Importantly, this does not render the venue provision of Title VII moot. *See Arrocha,* 609 F.Supp. at 234. As a result, this lawsuit must be filed in the district where the Defendant has his principal office. *See* 42 U.S.C.A. § 2000e–5(f)(3). The Department of the Navy's principal office is the Pentagon, which is located in the Eastern District of Virginia. For the reasons set forth above, Defendant's Motion for Change of Venue is granted as to the remaining claims. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Dkt.9) is **granted in part** and **denied in part.** Defendant's Motion for Change of Venue (Dkt.9) is **granted** as to those Counts not subject to dismissal.